---
Coleman v. Fisher—Syllabus.
---

EDDIE COLEMAN, *Plaintiff in Error,* v. GEO. W. FISHER, *et al., Defendants in Error.*

Opinion Filed July 8, 1914.

Rehearing Denied October 14, 1914.

DISQUALIFICATION OF JUDGE OF CRIMINAL COURT FROM TRYING CRIMINAL CASE BECAUSE HE IS LEGAL ADVISER OF BOARD OF COUNTY COMMISSIONERS, WHO HAVE SUPERVISION OF CONVICTS WHEN LABORING ON PUBLIC ROADS OF THE COUNTY.

A Judge of a Criminal Court of Record is not disqualified from trying a criminal case within the jurisdiction of his court by the fact that the law firm of which he is a partner are the legal advisers of the Board of County Commissioners who have charge and supervision of the public roads of the county, and such convict is sentenced to fine and imprisonment in the county jail at hard labor, and is placed by said County Commissioners at work under guards upon the public roads of the county. Neither is he so disqualified by the fact that his law partner is the State's Attorney for the Judicial Circuit in which his county is located, such State's Attorney having nothing to do with prosecutions before such Criminal Court of Record, that has a prosecuting officer of its own who attends to all prosecutions on behalf of the State in such Criminal Court of Record.

Write of error to Circuit Court for Volusia County; James W. Perkins, Judge.

Judgment affirmed.

*Stewart & Stewart,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for Defendants in Error.

TAYLOR, J.—The plaintiff in error was informed against and convicted of the crime of aggravated assault in the Criminal Court of Record of Volusia County and was sentenced to pay a fine of $250 and the costs of the prosecution, or, in default of such payment, to be confined under the direction of the County Commissioners at hard labor on the county roads of Volusia County for a period of ten months. He sued out a writ of *habeas corpus* in the Circuit Court of Volusia County, alleging in his petition for the writ that he was unlawfully held and detained in custody by the County Commissioners of said county and a convict guard in their employ. That his said imprisonment is illegal and without authority of law, for the following reasons: That an information was filed against him in the Criminal Court of Record of Volusia County for aggravated assault, and that the said court was without jurisdiction to try said case, because the Honorable Bert Fish, Judge, presiding over said Criminal Court of Record at said trial was disqualified to try and sentence him, because the said Bert Fish, Judge of said Criminal Court of Record, and Cary D. Landis, who is State Attorney for the Seventh Judicial Circuit of Florida, of which Volusia County forms a part, are partners in the practice of law now composing the law firm of Landis & Fish, practicing law in the County of Volusia, and that said firm are the regularly retained and salaried attorneys for the Board of County Commissioners of said County of Volusia; and that said firm represents the said Volusia County in all matters in their deliberations and hearings, and with them in their meetings in the management of the county affairs, and are actively interested and pass upon and advise in all matters of bills, costs, lit-

igations and matters of the county, including the work-
ing of the county roads by convicts, and the payment of
costs in criminal proceedings, the assessment and collec-
tion of taxes, collection of forfeitures, tax money, and the
enforcement of the judgments and sentences of the Crimi-
nal Court of Record in Volusia County. That the judg-
ment and sentence of the said Judge Bert Fish in this
case is void because the said judgment and conviction is
in favor of the County of Volusia and State of Florida, of
which the said firm of Landis & Fish are the paid and
retained attorneys.

At the hearing before the Circuit Judge he dismissed
said writ of *habeas corpus* and remanded the petitioner
to the custody of the county convict guard under the su-
pervision of one W. D. Bradshaw as road superintendent
of Volusia County. This judgment the petitioner brings
here for review by writ of error, and it is assigned as
error.

There was no error in the judgment of the Circuit Court
in the case. The petitioner or plaintiff in error violated
a criminal law of the State of Florida, not of the County
of Volusia, though the venue of his crime was in that
county, yet being a violation of the laws of the State, the
State in its name alone instituted the proceedings for the
prosecution for such crime, and if the judgment and sen-
tence imposed in such case can accurately be said to be
in favor of anyone, it certainly was not in favor of Vo-
lusia County for that county nor any other county was
in anywise a party to the proceedings in which such judg-
ment of conviction was rendered, but if in favor of any-
one it was in favor of the State of Florida. And so with
the fine imposed as a punishment on conviction of the
crime. It, too, belonged to the State, if paid in cash,
though by the Constitution it is directed to be paid into

the fine and forefiture fund of the county forming the venue of the crime, out of which it shall pay the costs and expenses of criminal prosecutions generally in such county. The State Attorney of the Seventh Judicial Circuit, Mr. Cary D. Landis, has nothing to do with prosecutions for crimes triable in such Criminal Court of Record, further than to prepare and sign indictments passed upon and found by grand juries in the Circuit Court charging crimes triable by such Criminal Court of Record and that are transferred to such Criminal Court of Record by the Circuit Court, but such Criminal Court of Record has a prosecuting officer of its own who in this case prepared the information upon which the plaintiff in error was tried and convicted. We cannot perceive any reason for the disqualification of Judge Bert Fish to try and sentence this plaintiff in error in the fact that he, Judge Fish, is the law partner of State Attorney Cary D. Landis, and that such law firm are the retained counsel and legal advisers of the Board of County Commissioners of such county, and that such commissioners, among their other legal official duties have the control of the public roads of the county and the working out thereon of their sentences by convicts convicted of crime against the laws of the State. We cannot see, in other words, how Judge Bert Fish, in his capacity as counsellor and adviser for the Board of County Commissioners in any matter pertaining to any of their official duties or functions can ever so clash or come in conflict, through interest, or otherwise, with any of his official duties, authority or powers as Judge of the Criminal Court of Record of said County, as to legally disqualify him as such Judge from sitting at the trial of, and imposing the sentence of the law of the State upon a convict of crime. If it is a fine that he imposes, for any such crime as in

the case in hand, it does not belong personally to his clients, the Board of County Commissioners, and neither he nor they can ever acquire any interest in it, but it goes into the public funds of the county to be paid out for legally specified purposes. Neither is Judge Fish nor his partner, Mr. Landis, nor are the County Commissioners personally interested in the working of the public roads in said county by the criminal convicts thereof, except as every other citizen of said county is interested therein, and except that the keeping in repair of said public roads is a part of the official duties of such commissioners. As for the other grounds of disqualification of Judge Fish alleged in the petition for the writ to the effect that his law firm of Landis & Fish were the division counsel for the Atlantic Coast Line Railway Company and for several other railroads and incorporated towns and other corporations, for any purpose that these allegations can effect this case or any issue therein, or the disqualification of Judge Fish in this case, it would have been equally as pertinent and effectual to have alleged that Judge Fish and his law partner owned a hundred and sixty acre tract of land each in the moon and that Judge Fish was thereby disqualified because such holding obscured the light of that planet and prevented it from shining with its full vigor over the court building in which he held his court.

The judgment of the Circuit Court in said cause is hereby affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., AND HOCKER AND WHITFIELD, J. J. concur.

COCKRELL, J., absent.