J. D. BELL AND OTHERS, *Appellants,* v. S. S. COACHMAN
AND OTHERS, *Appellees.*

Opinion Filed March 17, 1915.

An order of County Commissioners for a special levy to build a
court house or jail is fatally defective, unless the majority
of the board determine that such building is necessary.
Necessity alone justifies the extraordinary levy.

Appeal from Circuit Court for Pinellas County; F. M.
Robles, Judge.

Decree reversed.

*H. S. Phillips* and *Roy V. Sellers,* for Appellants;

*Dickenson & Dickenson* and *Thos. Palmer,* for Ap-
pellees.

COCKRELL, J.—This is an appeal from a decree dismiss-
ing a bill filed by certain resident taxpayers of Pinellas
County to enjoin a special levy of four mills for five years
upon the taxable property of the county, and directed
against the County Commissioners and tax assessor.

We find from the bill and its exhibits, no answer hav-
ing been filed, that at a regular meeting of the county
commissioners held April 2, 1912, a resolution was spread
upon the minutes, reciting that in the opinion of the com-
missioners it is for the best interests of the county of
Pinellas to immediately erect a court house and jail at
Clearwater, the county seat, and ordering that there be
levied a special tax of five mills per annum for five con-
secutive years. At this session there was also proposed

a bond issue for the erection of a court house and jail, to be submitted at an election to be held in June, 1912; and the proposition was voted down at this election. Some kind of a jail was then erected, out of what fund we are not advised.

In October, 1914, another resolution was adopted by a majority of the commissioners, which may as well be set out in full.

"Whereas, At this regular session and duly authorized meeting of the Board of County Commissioners of Pinellas County, Florida, held on this, the 6th day of October, A. D. 1914, being held at the designated and proper place for the holding of the meetings of the said Board of County Commissioners in and for said County, in which meeting a quorum of the said Board of County Commissioners were present and participating, composed of the duly elected chairman, S. S. Coachman, with the following commissioners, to-wit: Messrs. L. D. Vinson, F. A. Wood, O. T. Railsback and J. T. Lowe and,

Whereas, This Board, in regular session at its regular place of meeting, on the 2nd day of April, A. D. 1912, and after due notice, in accordance with Chapter 5698 of the Laws of Florida, adopted by the Legislature of 1907, and after due consideration pass a resolution that this Board deemed it advisable and for the best interests of said County, to build or construct a County Jail, and resolving that this Board proceed to build such county jail, and instructing the clerk of this Board to advertise for bids for that purpose, to be opened on the 1st Tuesday in May, A. D. 1912, all of which is set out in the minutes of the said meeting in Minute Book No. 1, on page 29, and,

Whereas, This Board, at a meeting held in conformity

with law, has heretofore approved and accepted a set of plans and specifications as being the most suitable to meet the needs of the said county in the way of a Jail for said County,

And Whereas, This Board, at its regular meeting, held as aforesaid, on the 2nd day of April, A. D. 1912, did authorize and order, by resolution, a Special Levy of Four (4) mills per annum, building tax to be levied for four consecutive years for the purpose of providing a special fund for the retirement of the debt created by the construction of the said jail building.

And Whereas, For good and sufficient reasons the matter has been allowed over from time to time.

Now Therefore, Be It Resolved, That we, the Board of County Commissioners of Pinellas County, Florida, in regular session, as aforesaid, believe that it is for the best interests of the said County of Pinellas, State of Florida, to immediately proceed to erect the said jail building, to safely confine the prisoners of the said county therein;

Be It Further Resolved, By this Board of County Commissioners of Pinellas County, Florida, That the resolution adopted at the aforesaid regular meeting, held on April 2nd, A. D. 1912, resolving and declaring it to be the intention of this Board to build a jail and to levy a special building tax, in order to provide a sinking fund to pay costs of said building, be, and the same is hereby endorsed, ratified and confirmed; and

Be It Further Resolved, By this Board of County Commissioners of Pinellas County, Florida, That the clerk of said Board is hereby instructed to advertise in two newspapers of general circulation in the said County of Pinel-

las and State of Florida, calling for sealed bids from contractors for the construction of the said jail building, to be erected on a site in the City of Clearwater, County of Pinellas, State of Florida, to be designated and pointed out by the Board of County Commissioners, at the time of awarding of the contract. Said sealed bids to be opened by the Board of County Commissioners on the date to be fixed by said Board, under a separate resolution hereafter; and

Be It Further Resolved, That this Board of County Commissioners of Pinellas County shall have and thereby reserve the right, on the date so fixed for opening bids for the construction of said jail building, to award the contract for the building of the said jail building, to the lowest or best bidder, or it may, at the option, reject any and all bids if in the opinion of said Board such action would be to the best interests of the said County of Pinellas, Florida, and

Be It Further Resolved, That whereas this Board of County Commissioners has since the publication of its intention to build, and the acceptance of plans for said jail building, purchased, and now have on hand, cell work and other items usually installed in county jails, that the county clerk is hereby instructed to insert in the notice to contractors, hereinbefore provided for, at the time notice is published calling for sealed bids for the construction of the said jail building, that such material before mentioned is to be used in said building by the contractor to whom the contract may be awarded, for the erection of said building and said contractor is to allow this Board the amount fixed by the architect as the value of said material, said amount to be set out in the notice when advertised, as aforesaid.

Introduced by Mr. L. D. Vinson, who moved the adoption of the above resolution. Motion seconded by Mr. J. T. Lowe. Motion put by the Chairman, Mr. S. S. Coachman, and voted upon as follows, to-wit:

Yeas: Mr. Vinson, Mr. Lowe and Mr. Coachman;

Nays: Mr. Wood and Mr. Railsback.

Resolution was adopted and ordered recorded in the minutes."

At the same time another resolution was passed, directing the tax assessor to levy a special tax of four mills per annum, to be included in the assessments for 1916-1919, the fund so derived to be used first for the payment of the warrants to be issued for building the jail, then the surplus if any to be used at the pleasure of the board to erect an addition to the court house, or a new court house, and if there still be a surplus, it might be used for furniture and repairs. In the notice to contractors who might submit bids for the erection of the jail, it was provided that the warrants to be issued should bear eight per cent interest from maturity.

We need not question the good faith of these officers. It is sufficient to say that they have not followed the statutory authority under which alone they are permitted to exercise the power to levy this extraordinary tax. This statute, as amended by Chapter 5698, Laws of 1907, reads: "Whenever any Board of County Commissioners shall deem it necessary to erect any courthouse or jail, they shall give notice for thirty days in some newspaper published in said county, or in some newspaper published in the Judicial Circuit, if there be none published in the county; that at the next regular meeting of the Board after the publication of the said notice, the question of

erecting a courthouse or jail. or both, will be acted upon by said Board. If, at said meeting, a majority of said Board shall determine that it is necessary to erect such building or buildings, they may levy a building tax not exceeding five mills per annum, for five consecutive years in lieu of all other county building tax. The tax so levied shall be assessed and collected at the same time and in the same manner as other State and County Taxes are levied and collected."

It will be observed that the word "necessary" is used twice in this short act, and that necessity alone justifies this extraordinary levy. The commissioners first pass upon this necessity, and then give notice to those concerned, that at a certain regular meeting the question of erecting the building will be acted upon. Taxpayers may be present at that meeting and urge upon the commissioners the necessity *vel non* of using this special taxing power, and after this hearing, a majority of the commissioners must record the fact that in their opinion the necessity exists. It is not a question of feasibility or expediency or desirableness, or the best interests of the county, but necessity, that alone warrants such levy. Towles v. Lee County, 68 Fla. 564, 66 South. Rep. 290.

We may add that the facts here presented but emphasize this view. In April, 1912, it was considered "in the opinion of a majority of the Board to be for the best interests of the county" to erect a court house and jail, at an estimated cost of sixty-three thousand dollars for the two, whereas two years and six months thereafter, a tax is levied for a jail alone that would produce an estimate of $170,320.80, a jail having been erected in the meantime. It is to be observed that the need for a court house no longer appeared to be urged, as provision was made only

for use of a possible surplus from this fund for that purpose.

Another thought suggests itself here. Even if the simultaneous adoption of the alternative method of raising funds by a bonding scheme be not properly considered an abandonment of the special tax levy, yet a failure to act under the latter resolution during two whole tax years would clearly indicate the abandonment of that scheme, so as to lull to security the most vigilant hostile taxpayers.

Our silence should not be construed as admitting the power of the Commissioners to issue interest bearing warrants, or to pay for the furniture of buildings under the quoted statute.

The court erred in dismissing the bill and the decree is reversed for further proceedings consistent with this opinion.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, JJ., concur.