I. F. JONES, DOING BUSINESS AS BARTOW CONSTRUCTION COMPANY, *Plaintiff in Error*, v. PINELLAS COUNTY, *Defendant in Error*.

## Opinion Filed April 25, 1921.

1. Where in a common law action a declaration contains several paragraphs which are numbered but which do not constitute separate counts, a plea so worded as to indicate that it was the defendant's purpose that the plea should be applied to all the counts in the declaration to which the plea was applicable, yet in its introduction it purports to be confined to one count only it will be treated by the court as a plea to all the counts to which it is applicable.

2. Action brought by one against another upon a money demand is not proved by a contract in which the defendant promises to pay in a thing other than money.

3. Where an action is brought against a county for work done and materials furnished under a contract with the County Commissioners for the erection of a jail building there would be no implied liability against the county to pay for the value of the materials furnished or the work done where the Commissioners in letting the contract have proceeded in violation of the express mandatory provisions of the statute.

A Writ of Error to the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Judgment affirmed.

*Sanford & Hampton* and *H. S. Hampton,* for Plaintiff in Error;

*Davis & Harris,* for Defendant in Error.

ELLIS, J.—A writ of error was taken to a judgment of the Circuit Court in favor of the defendant in a cause wherein I. F. Jones, hereinafter referred to as the plaintiff, sued Pinellas County, hereinafter referred to as the county.

The case was tried upon an agreed statement of facts which in substance was as follows: In October, 1914, the county, acting by its Board of County Commissioners, entered into a written contract with the plaintiff for the construction of a county jail upon the county's property in the town of Clearwater. The contract provided among other things that the plaintiff would supply all labor and material; that the architect's approval of the work and his acceptance should be taken as a complete performance of the contract by the plaintiff; that the county would pay for the building the sum of $19,865.00, payable on the 15th of each month to the extent of 80% of the value of labor performed and materials furnished upon the certificate of the architect. The payments were to be made in "County Jail Building Warrants" in sums of not less than twenty, nor more than one thousand dollars, in "such form as to meet the wishes" of the plaintiff. It was agreed that the plaintiff in compliance with the contract on his part began the construction of the building upon the lot designated, that he laid and builded the foundations of the building and erected the walls to a height of eight feet and was then notified by the

County Commissioners not to proceed any further with the construction of the building as the Board of County Commissioners had cancelled the contract because it was illegal; that the plaintiff ceased "operation" on the building and has done no more work; that before the County Commissioners cancelled the contract the plaintiff rendered his bill to the County Commissioners for work done and materials furnished, which bill amounted to $7,628.75, which was approved by the architect, accepted by the Board of County Commissioners, and by it ordered to be paid; that the bill has never been paid, nor any part of it been paid; that the contract entered into between the county and the plaintiff was illegal because of the reasons given in the case of Bell v. Coachman *et al.*, reported in 69 Fla. 295, 68 South. Rep. 173. The contract having been made under the same resolution as was involved in the above mentioned case and because the resolution of the Board of County Commissioners failed to state "that it was necessary" that a new jail should be erected; that the county did not complete the building begun by the plaintiff, but erected a jail on other property. A statement of the labor performed and material furnished by the plaintiff was attached to the agreed statement of facts and admitted to be correct.

The declaration of the plaintiff consisted of five paragraphs, each constituting one count, except the fifth, under which was embraced five common counts as follows: goods bargained and sold; money lent; money paid by the plaintiff for use of the defendant; money received by the defendant for use of the plaintiff, and account stated. That paragraph concluded with an allegation that the several sums of money were to be paid on request, but the defendant had refused to pay them although requested. That the claims were filed within six months

after they became due and payment demanded. The first count declared specially upon the contract, the second count was a slightly amplified form of the common count for labor performer and materials furnished, the third count was in substance the same, and the fourth was the common count for work done and materials furnished. A judgment by default was entered for failure to plead or demur, but the default on motion was opened and the county pleaded the general issue to the first count and three special pleas. To the third count the general issue was pleaded and two special pleas. The general issue was pleaded to the fourth count and special pleas averring the same facts as were pleaded to the third count. The second paragraph of the declaration was ignored. So was the fifth paragraph which contained five counts. The plaintiff demurred to the second and third pleas to the first count and second plea to the third count. A motion was made to strike the first and fourth pleas to the first count, the first and third pleas to the third count, and the second and third pleas to the fourth count. The motion to strike was overruled except as to the second plea to the fourth count as to which it was granted. The demurrer was overruled. In its order overruling the demurrer the court suggested that the pleas should be reframed for the purpose of simplifying them.

Several months later an order was entered sustaining a demurrer to the second count of the declaration and overruling it as to all other counts. Following that order the county after several months interposed an amended second plea to the fourth count and then the plaintiff joined issue upon the pleas to the third and fourth counts of the declaration. A trial by jury was waived and on the same day the plaintiff moved for a default because

the county had failed to plead to the fifth, sixth, seventh, eighth and ninth counts of the declaration.

At the time this motion was made the pleadings stood as follows: The declaration consisting of the first count declaring on the contract; the third count for labor performed and materials furnished, and which alleged that the sum demanded was due by the county for the labor and materials which the county had accepted and had ordered to be paid; the fourth count for work done and materials furnished, and the fifth, sixth, seventh, eighth, and ninth counts embraced in the fifth paragraph. The plaintiff then withdrew the first count. So the plaintiff's case rested upon a declaration containing merely the common counts for work done and materials furnished, goods bargained and sold, money lent by the plaintiff to defendant, money paid by plaintiff for defendant's use; money received by the defendant for the plaintiff's use, and account stated. The third count was nothing more in its last analysis but a common count for work done and materials furnished combined with an account stated.

So far as the questions involved in the case are concerned, they could have been presented by one count, declaring either upon the contract or for work done and materials furnished or an account stated and a plea averring the illegality of the contract and the lack of authority on the part of the County Commissioners to incur the obligation as a county obligation. This issue was at last reached and the case submitted to the judge without a jury upon the agreed statement of facts referred to above. The trial court found for the defendant and entered judgment for the county.

The first assignment of error is that the court erred in refusing a judgment by default. The defendant failed to plead or demur to the counts numbered from five to nine inclusive, and the plaintiff argues that he was entitled to his default. The court denied the motion for default because the amended plea to the fourth count by its very words shows that it was intended to apply to the count following the fourth as well as to that count, and was seemingly so treated by counsel until the trial, and for the further reason that under the evidence submitted there could have been no recovry for the plaintiff if there had been no pleas to any of the counts.

While the failure to plead or demur to a count in a declaration entitled the plaintiff as a matter of procedure to a default, yet if the failure to obtain the default did not result in a miscarriage of justice the judgment should not be set aside nor a new trial granted because of the error in pleading or procedure. See Chap. 6223, Laws of Florida, 1911. We think, however, that the amended plea was intended to apply to all the counts left in the declaration, which, as stated, consisted of the common counts. The plea begins with the statement that it is an "amended plea to the fourth count" and then avers "that the moneys mentioned for work done and materials furnished (fourth plea), for goods bargained and sold, for moneys lent, for moneys paid, for moneys received and for moneys mentioned in the fourth count of the plaintiff's declaration are for the alleged construction and work and labor and material upon the said jail," etc. If the fifth paragraph is a mere continuation of the fourth, which it is in reality but for the mere insertion of a number, there was no failure to plead because the amended plea was applicable. The mere mechanical division of the language into paragraphs did not convert

the allegations into counts. There were in reality six counts included in the two paragraphs and the language of the plea clearly showed that it was intended to apply to all of them. Besides the plaintiff brought suit upon a money demand, while the evidence submitted was a contract fixing the amount to be paid, not in money, but in "County Jail Building Warrants" to become due at some time in the future. The definite and express promise of the County Commissioners, acting for the county, was to pay in the warrants described. This was a variance. See 2 Ency. Evidence, 58.

As only the common counts remained in the declaration, and special contract was received in evidence merely as to the damages sustained under those counts, and as the contract provided for payment in warrants the common counts were not sustained.

But there is a deeper trouble and more fatal one. The evidence shows that the work was done and materials were furnished under a contract which was entered into by the County Commissioners with the plaintiff without any authority of law and in violation of the provisions of the statute upon the subject. The plaintiff was notified by the very terms of the written instrument that there were no funds available for the purpose, and warrants would have to be issued payable at some day in the future in payment for the labor and material. He was charged with knowledge that a building tax would have to be levied under the provisions of Section 808 of the General Statutes of Florida, 1906, and yet knew from the records of the Commissioners that the necessary resolutions had not been adopted, and that the order for the building was fatally defective. See Bell v. Coachman, 69 Fla. 295, 68 South. Rep. 173.

Even if the question of an implied liability was involved here, the promise being an express one in the form of a written contract and relied upon in support of the common counts as to the amount of damages alleged to have been sustained, it would have to be resolved against the plaintiff so far as the county is concerned, because the law does not imply a liability against a county where its County Commissioners proceed in the matter in violation of the express mandatory provisions of the statute and the party seeking to enforce the liability is charged with the duty of ascertaining the legality of the proceedings. There is no implied authority in County Commissioners to do something for the county which the statute expressly forbids. See 3 McQuillin's Mun. Corp., Sec. 1164; Secs. 1172-1181; Whiteside v. United States, 93 U. S. 247; Appleton Waterworks Co. v. City of Appleton, 132 Wis. 563, 113 N. W. Rep. 44; Edison Electric Co. v. City of Pasadena, 178 Fed. Rep. 425.

The contract in this case was not invalid for a mere irregularity, but for a direct evasion of an express mandatory provision. See 1 Elliott on Contracts, Sec. 606; 7 R. C. L. 947; 15 C. J. 540, 541.

We think that in view of the facts in the case the county was not liable upon the implied contract to pay for work done and materials furnished by the plaintiff even though the propriety of the common counts in an action against the county may be conceded. We find no error in the judgment, so it is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.