THE ATLANTIC NATIONAL BANK OF JACKSONVILLE v. HOLMES COUNTY.

173 So. 816.

Division B.

Opinion Filed April 17, 1937.

Rehearing Denied May 3, 1937.

*Baker & Baker, Martin Sachs,* of Jacksonville, *John H. Carter* and *John H. Carter, Jr.,* of Marianna, for Plaintiff in Error;

*James N. Daniel,* of Chipley, for Defendant in Error.

DAVIS, J.—Suit was brought by the Atlantic National Bank of Jacksonville against Holmes County to recover

upon three time warrants, under seal, aggregating $7,220.00, executed in the name of the Board of County Commissioners, signed with the name of the Board's Chairman, attested by the signature of the Board's Clerk and bearing the official seal of the Clerk of the Circuit Court as *ex-officio* Clerk of the Board of ·County Commissioners. Judgment was entered for the defendant below. Plaintiff has prosecuted writ of error.

The defense interposed to the declaration was that the time warrants in question were delivered to one T. H. Emerson, Plaintiff's assignor, in pursuance of a certain construction contract by which Emerson had agreed with the county to furnish all the labor and material necessary to repair, remodel and enlarge the county jail of Holmes County for the aggregate sum of $27,500.00 in purported conformity to Sections 2384-2385 C. G. L., 1556-1557 R. G. S., but without actually complying with the conditions of said sections in consequence whereof the said time warrants were unauthorized and void.

There is no contention that the work was not done or that the material was not furnished in accordance with the underlying contract.   On the contrary, the claim of illegality asserted in the pleadings is that there was no declaration of necessity for entering in to the contract for repair of the county jail·ever had and evidenced by a written minute of the County Commissioners made during a meeting of the County Commissioners and culminating in a legal determination under the statute that in the opinion of the County Commissioners the repairing, remodeling and enlarging of the jail was ·necessary in the public interest.   Bell v. Cochman, 69 Fla. 295, 68 So. Rep. 173, is cited to support this view.

The cause of action set up in this case is founded upon

specified county time warrants, not upon the jail construction contract. Nor is it a suit to enjoin the levy and collection of the special jail construction tax authorized by Section 2384 C. G. L., *supra,* as was the case in Bell v. Coachman, 69 Fla. 295, *supra.* So the holding in Bell v. Coachman is not in point on the proposition in controversy here.

The time warrants sued upon are not invalid on their face. Indeed they appear in every respect to have been properly formulated and duly authenticated by the proper county officers. They bear the official signature and seal of the Clerk of the Circuit Court as *ex-officio* Auditor of the County of Holmes (Section 15, Article V, State Constitution), and recite on their face that they were issued by the county authorities "in part payment of the cost of labor and material necessary in the construction of the county jail building, *the cost of which labor and material has been investigated and found to be just, and that the said county has received the benefit thereof, and the claim of said indebtedness has been duly approved by the Board of County Commissioners of said county in open board."* The warrants are provided to be payable at the county depository (Section 2404 C. G. L., 1559 R. G. S.) out of the special county building fund of Holmes County to which specific reference is made thereon.

In addition to all of the foregoing, the time warrants (being apparently valid on their face) were impliedly validated by Chapter 14125, Special Acts of 1929, which authorized Holmes County to issue negotiable coupon county bonds of said county with which to retire or refund time warrants "heretofore authorized to be issued" by the Board of County Commissioners for the purpose of remodeling or repairing the Holmes County jail. The time warrants

in question are within the description of the time warrants mentioned in said Chapter 14125, *supra*, and having been issued shortly before the enactment of that Act and during the same year, are presumed to be a part of the county jail time warrants that Holmes County theretofore "authorized to be issued and did issue.

The necessary legal effect of said Chapter 14125, *supra*, was to empower Holmes County to refund or retire such time warrants as are here sued on, and this, in turn, amounts to an implied recognition of the validity thereof as county obligations. The only designated exceptions are those specific time warrants mentioned in Section 7 of the Act as being time warrants which "may be invalid," meaning invalid in form or substance as actually outstanding time warrants of the character contemplated to be retired or refunded under the terms of the Act.

What has been said is sufficient to point out that plaintiff, not the defendant, was entitled to a directed verdict under the pleadings and evidence (Berger v. Mabry, 113 Fla. 31, 151 Sou. Rep. 302), so the judgment entered was erroneous, and must be reversed with directions to award a new trial and proceed anew consistent with the opinion of the Supreme Court establishing the law of the case as hereinbefore set forth.

Reversed and remanded with directions.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.

BROWN, J. (concurring).—I think the evidence in this case both written and oral, was sufficient to establish the fact that the Board of County Commissioners actually did comply with the requirements of Section 2384, though,

instead of being written into the minutes, the resolution was typewritten and pinned onto a page of the minute book.