PER CURIAM.
Wildo Rivera appeals from a judgment of conviction and sentence. For the following reasons, we reverse.
The trial court abused its discretion in denying Rivera’s motion for a mistrial. Police officer Avarez’s testimony that, based on out-of-court conversations with the chief prosecution eye-witness, he was “100 percent” sure that he “got the right guy,” was inadmissible and highly prejudicial. See Martinez v. State, 761 So.2d 1074, 1079 (Fla.2000) (holding that “a witness’s opinion as to the guilt or innocence of the accused is not admissible,” and “there is an increased danger of prejudice when the investigating officer is allowed to express his or her opinion about the defen *722 dant’s guilt”); Rodriguez v. State, 609 So.2d 493, 600 (Fla.1992); Sosa-Valdez v. State, 785 So.2d 633 (Fla. 3d DCA 2001). The state’s reference during closing argument to the officer’s inadmissible testimony compounded the error. See Martinez, 761 So.2d at 1081.
REVERSED AND REMANDED FOR A NEW TRIAL.