C. C. LIDDON v. BOARD OF PUBLIC INSTRUCTION OF JACKSON COUNTY, a Corporation.

175 So. 806.
Division A.
Opinion Filed July 29, 1937.

*John H. Carter and John H. Carter, Jr.,* for Plaintiff in Error;

*Carter & Pierce,* for Defendant in Error.

BUFORD, J.—In this case writ of error was taken to judgment of non-suit with bill of exceptions allowed during the trial of the case after adverse ruling by the Court on the admissibility of certain evidence.

The suit was one for the balance alleged to be due certain

teachers for their services as teachers, which claim had been assigned to the plaintiff in error.

During the progress of the trial J. H. Ayers, Superintendent of Public Instruction for Jackson County, was called and sworn as a witness for the plaintiff. After he had testified, "Yes, I am familiar with the claim of these teachers' due bills involved in this suit," the following occurred:

"Question: Please state who employed those teachers, or by whose authority, and at what salary?

"Counsel for the defendant objected to this question on the ground that the minutes of the Board of Public Instruction are the best evidence.

"*By Mr. Paul Carter:*

"Counsel for the defendant objects to the question on the further ground that it calls for the opinion and conclusion of the witness.

"The Court sustained the objection, and plaintiff excepted. Counsel for the plaintiff then stated:

"'We proffer to prove by this witness that he was instructed by the Board of Public Instruction to employ these teachers and at the salaries they had been formerly receiving. That these teachers had been teaching before at certain fixed salaries, either fixed or authorized by the Board, and in pursuance of this authority, the County Superintendent employed them again at the same salary and there was no limit placed by the Board to any particular salary.'

"Counsel for the defendant then objected further, on the ground that the duty to employ teachers is a duty imposed on the Board of Public Instruction, and cannot be delegated.

"The Court sustained the objection, the plaintiff excepting to the ruling of the Court.

"Whereupon counsel for the plaintiff moved the Court for leave to take a non-suit, which was granted, and the

plaintiff took a non-suit with bill of exceptions and was granted thirty days extra time in which to file same."

The three objections to the testimony proffered were: (1) The minutes of the Board of Public Instruction are the best evidence; (2) That the question as propounded called for the opinion and conclusion of the witness; and (3) that the duty to employ teachers is a duty imposed upon the Board of Public Instruction and cannot be delegated.

The objection to the questions and the proffer were not well founded. The best evidence rule was not properly invoked because it is not shown that any better evidence existed than that which was offered. If any minutes of the Board of Public Instruction existed which constituted evidence of the action of the Board in this regard, the duty rested on the Board to show such fact. The applicable rule is stated in 10 R. C. L. 903 as follows:

"The best obtainable evidence should be adduced to prove every disputed fact, and a failure to produce it, but an attempt instead to sustain the issue by inferior evidence, will authorize the inference that the party does not furnish the best evidence because it would tend to defeat, instead of sustaining, the issue on his part. In requiring the production of the best evidence applicable to each particular fact, it is meant that no evidence shall be received which is merely substitutionary in its nature, so long as the original evidence can be had. The rule excludes only that evidence which itself indicates the existence of more original sources of information; but where there is no substitution of evidence, but only a selection of weaker instead of stronger proofs, or an omission to supply all the proofs capable of being produced, the rule is not impinged."

And on page 908 of the same volume it is said:

"In determining what is the best evidence the nature of the case will admit of, and what is secondary evidence, regard must be had, to some extent, to the nature and character of the business to which the evidence relates and the method of its conduct. Testimony as to evidence given in an examination before court cannot be excluded on the theory that it is not the best evidence of what was so given, although the evidence was taken down in shorthand."

This suit was on due bills or certificates of indebtedness for teachers' salaries, which certificates were in the following form:

"Ex. A.

"BOARD OF PUBLIC INSTRUCTION.

"Jackson County, Florida.

"Members of Board:                              Board Meets First

"J. W. Watford,                                 Tuesday of each month.

"Chairman, Graceville, Fla.

"J. T. Duncan, Marianna, Fla.

"R. B. Beall, Malone, Fla.                                    Phone 31.

"Jas. H. Ayers, Supt. and Secretary.

"Marianna, Florida.

"September 24, 1932.

"This is to certify that Louise M. Blount is due $30.00 for teaching the first month at St. Paul term of 1932 and 33, to be paid from General Fund.

"(Signed) JAS. H. AYERS,

"Co. Supt."

Under the issues as presented by the pleadings the proffered evidence was admissible. This holding is in line with what was said by us in the case of Atlantic National Bank of Jacksonville v. Holmes County, a political division of the State of Florida, in opinion and judgment filed April 17, 1937, 127 Fla. 714, 173 So. 816.

The second and third objections to the question and proffered testimony are likewise without merit. The question called for statements of facts, which statements of facts were susceptible of categorical denial. The proffered testimony was admissible to show the employment of the teachers by authority of the Board of Public Instruction.

The judgment must be reversed and it is so ordered. Reversed.

ELLIS, C. J., and TERRELL, J., concur.

BROWN and CHAPMAN, J. J., concur in the opinion and judgment.