HURLEY, Judge.
Sun Bank of St. Lucie County, as personal representative of the Estate of Vincent Vecchio, appeals from an adverse final judgment. We reverse for the reasons which are set forth herein.
In its representative capacity, Sun Bank sued Gordon Oliver on a promissory note from Oliver to Vecchio in the amount of $32,212.58. In his answer, Oliver raised affirmative defenses of failure of consideration, set-off of money due from Vecchio to Oliver, payment in full, and payment in part. The set-off defense was stricken by the trial court but Oliver filed an amended answer raising alteration of the note as an additional defense. The allegations of the affirmative defenses were denied.
At the non-jury trial, Sun Bank established a prima facie case, by introducing the note into evidence, and then rested. Oliver called several witnesses, but our decision to reverse rests on the testimony of one witness, Glenda Rogers. Ms. Rogers was the bookkeeper for Fort Pierce Tomato Growers, a business in which both Vecchio and Oliver participated. Over an objection by Sun Bank on best evidence grounds, she was permitted to testify that she had reviewed the deposit slips, books, and records of the company and had failed to find any evidence to indicate that Oliver had received credit for any money for which he had signed a note.
We believe the best evidence objection was well taken and find that the admission of the testimony was reversible error. The best evidence rule requires that if the original evidence is available, no evi *584 dence should be received which is merely substitutionary in nature. Evidence which itself indicates the existence of a more original source of information is to be excluded. See Liddon v. Board of Public Instruction, 128 Fla. 838, 175 So. 806 (1937); 23 Fla.Jur.2d Evidence and Witnesses § 197. The best evidence in the instant case would be the company records and only after their admission would Ms. Rogers’ testimony as to her findings be proper. Moreover, since the only evidence presented herein is both sketchy and circumstantial, there is some doubt as to whether the court would have ruled as it did absent Ms. Rogers’ statement. Thus, the error in allowing the testimony may not be classified as harmless.
For the above-stated reasons, the judgment herein is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
LETTS, C. J., and HERSEY, J., concur.