## GASTROENTEROLOGY ASSOCIATES P.A. v. MATUSON
### Case No. 83-130 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
February 22, 1985

### APPEARANCES OF COUNSEL

**Peter S. Fleitman** for appellant.
**Sheldon R. Rosenthal** for appellee.

Before TENDRICH, KAYE and MOORE, JJ.

### OPINION OF THE COURT

MOORE, Judge.

Appellant Gastroenterology Associates P.A., a professional association of physicians, sued appellee Steven Matuson for money due for medical services rendered.

The services were rendered to appellee while in the hospital from

■■■■■■■■■■■■■■■■

October 20, 1980 to November 11, 1980 by Dr. Eugene Kafka and one other doctor, both of whom were members of the appellant association.

At trial, Dr. Kafka, the main treating physician, by independent knowledge and recollection, testified as to dates, place, type and cost of service performed.

In order to corroborate his oral testimony, Dr. Kafka brought to court his original office records, kept in the ordinary course of business. The office records contained both original and "copies" of various notes, ledgers, dates of service, types of service, bills, reports of physicians and other documents pertaining to the care and cost of care to appellee.

After the close of appellant's argument, the trial court ruled that Dr. Kafka's office records could not be introduced into evidence. The court ruled, as a matter of law, the best evidence rule required that the original hospital records of appellee were the only evidence that would be allowed to be introduced at time of trial to prove the dates, time, type and cost of services rendered by appellant association. The court also disallowed Dr. Kafka's oral testimony and, therein, directed a verdict for the appellee.

Following appellant's motion for new trial which the court denied, this appeal was filed alleging error in the court's final order of April 12, 1983 directing a verdict for appellee.

The issues raised in this appeal

1. Did the trial court err in using the best evidence rule to conclude that appellant's business records, part of which contained duplicate photocopies of original hospital records pertaining to appellee, could not be introduced into evidence and only the original hospital records could be admitted?

2. Did the trial court err in disallowing the appellant physician's testimony into evidence which was based on independent recollection as to dates, time, type and costs of services, and, thereby, directing a verdict for the appellee?

We answer each question in the affirmative.

The best evidence rule excludes only evidence which itself indicates a more original source of information. *Liddon v. Board of Public Instruction*, 128 Fla. 838, 175 So. 806 (1937); *Duggan v. State*, 189 So.2d 890 (Fla. 1st DCA 1966).

Here appellant's business records are not mere copies which may indicate a more original source, but rather photostatic copies produced

95

by a technique which accurately reproduced the originals and therefore are "duplicates" of the originals.

Under the Florida Evidence Code duplicates of original documents can have the same legal effect as the originals.

Section 90.953 of the Florida Evidence Codes provides in pertinent part

90.953 Admissibility of duplicates

A duplicate is admissible to the same extent as an original, unless:

(1) The document or writing is a negotiable instrument. . . .

(2) A genuine question is raised about the authenticity of the original or any other document or writing.

(3) It is unfair, under the circumstance, to admit the duplicate in lieu of the original.

Section 90.951 provides in pertinent part

90.951 Definitions

(4) "Duplicate" includes

(a) A counterpart produced by the same impression as the original from the same matrix; by means of photography . . . .

The record below shows that at the time of trial appellee did not raise the question as to authenticity of the originals or the duplicates, nor did the appellee raise the question of it being unfair to admit the duplicates.

We therefore hold that the best evidence rule does not apply to limit the admissibility of appellant's duplicates since the duplicates come under the purview of Section 90.953 of the Florida Evidence Code.

Furthermore, no question was raised at the time of trial that the records offered into evidence by appellant were not his business records kept in the ordinary course of business. Therefore these records should not have been excluded but instead should have been admitted into evidence under the business exception to the hearsay rule pursuant to the Florida Evidence Code, Section 90.803(6).

As to the issue of disallowing the appellant physician's oral testimony into evidence based on appellant's independent recollection as to services rendered to appellee the trial court erred in disallowing this testimony. Not only was the oral testimony based on appellant's independent recollection but it was also to be corroborated by the appellant's business record and therefore must be considered relevant. Furthermore, since the oral testimony and the business records of

96

appellant should have been admitted into evidence it was improper for the trial court to direct a verdict for the appellee.

We therefore reverse the lower court ruling directing a verdict for appellee and remand with instructions to allow the appellant's testimony and office records to be admitted into evidence, and with further instructions to then weigh all relevant evidence admissible in this case.

REVERSED AND REMANDED with directions.