609 So.2d 107 (1992)
STATE of Florida, Appellant,
v.
Bryant Michael EUBANKS, Appellee.
No. 91-2614.
District Court of Appeal of Florida, Fourth District.
November 25, 1992.
*108 Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Mallorye Cunningham, Asst. Public Defender, West Palm Beach, for appellee.
HERSEY, Judge.
The State of Florida appeals from an order granting a motion to suppress physical evidence. We reverse.
*109 Appellee Bryant Michael Eubanks was charged with possession of cocaine, carrying a concealed weapon, and operating a motor vehicle without a valid Florida driver's license. Appellee moved to suppress the seizure of the handgun and the cocaine, arguing that the arresting officer did not have founded suspicion to stop him and that the reason given for the stop was pretextual.
At the hearing on appellee's motion to suppress, the arresting officer, Broward Deputy Philip Evans (Evans), testified that he noticed a car with an expired license tag stopped in front of his vehicle at a red light. Immediately thereafter, Evans stopped that vehicle and issued a ticket to its operator, appellee Eubanks. The officer then searched the vehicle's interior, found the firearm and cocaine, and arrested appellee.
At appellee's motion to suppress hearing, the trial court would not allow into evidence appellee's ticket for his expired tag, nor Evans' testimony on the grounds that the ticket was not the best evidence of the violation and that Evans' testimony was hearsay. The trial court subsequently granted appellee's motion to suppress on the basis that the state failed in its burden of proof when it did not produce valid evidence of the expired tag.
Appellee also had asserted that the traffic stop was pretextual. In appellee's motion to suppress, he alleged that at Evans' deposition, the officer testified that at the time of the traffic stop, he "was conducting a stake out of a particular apartment complex and was stopping persons that fit a particular profile." However, the trial court did not make a determination whether the traffic stop was pretextual before it granted appellee's motion to suppress.
Appellant State of Florida argues that the trial court erred in granting appellee's motion to suppress by not allowing into evidence appellee's citation for his expired tag nor the arresting officer's testimony regarding the stop. Appellee Eubanks argues both that the traffic stop was a pretext and that the state failed to meet its burden of proof by failing to produce official records showing that his tag was expired.
The trial court held that "[t]he motion to suppress is granted for dereliction of duty on the part of the state attorney and upon the best evidence on the part of the defense." It thereafter rendered the order appealed herein.
The best evidence rule requires that if original evidence is available, then no evidence should be received which is merely substitutionary in nature. Sun Bank of St. Lucie County v. Oliver, 403 So.2d 583, 583-84 (Fla. 4th DCA 1981). In other words, evidence which itself indicates the existence of a more original source of information is to be excluded. Id.
The best evidence rule is not applicable if the writing is not offered to prove the truth of the matter therein. See Onontario of Fla., Inc. v. R.P. Trucking Co., 399 So.2d 1117, 1118 (Fla. 4th DCA 1981); see also Smith v. State, 71 Fla. 639, 641, 71 So. 915 (1916) (where the evidence offered is primary or original in its character, it should not be excluded because there might have been introduced other primary evidence that is corroborative or stronger and more conclusive); 23 Fla.Jur.2d Evidence and Witnesses § 196 (1991). The actual ticket and the arresting officer's testimony in the present case was to be introduced simply to prove the fact that a ticket was given to appellee  as distinct from proving the ticket's contents. In other words, "[if] the matter sought to be proved is the fact that a written order ... was made and delivered, as distinguished from the terms or provisions of such written order, the best evidence rule does not apply, and oral evidence is admissible on the question." Fla.Jur.2d Evidence and Witnesses § 200 (1991); cf. Wimbledon Townhouse Condo. I, Ass'n v. Wolfson, 510 So.2d 1106, 1108 (Fla. 4th DCA 1987) (best evidence rule does not prohibit introduction of parol evidence to correct or complete minutes from a corporate meeting).
The trial judge in the instant case stated that he would not allow in any testimony from the issuing officer regarding the ticket *110 nor the actual ticket because the best evidence rule mandated that appellant get a copy of appellee's drivers license record from the Department of Motor Vehicles in Tallahassee showing that his license tag in fact was expired.
The trial judge here erroneously applied the best evidence rule to exclude the officer's testimony regarding the issuance of the traffic ticket as well as the submission into evidence of the actual ticket. The best evidence rule is applicable only to exclude evidence where the contents of a writing is at issue. C.A. Leasing Serv. Corp. v. Zorn's Equip. Serv., Inc., 565 So.2d 744, 746-47 (Fla. 5th DCA 1990); R.P. Trucking. The issue here does not involve the contents of the ticket; rather it involves whether the officer had cause to effectuate a traffic stop of appellee. Additionally, the ticket could qualify as a record of regularly conducted business activity, which is an exception to the hearsay rule. See § 90.803(6)(a), Fla. Stat. (1991).
Nevertheless, over a sustained objection, appellant was able to have the arresting officer testify, and the arresting officer did state that he observed the tag and it was expired. The trial court erred in not considering this testimony. The arresting officer should have been able to testify about what he personally observed. See § 90.604, Fla. Stat. (1989). Moreover, "[a] witness who has actually perceived and observed a fact is the most reliable source of information." Ehrhardt, Florida Evidence § 604.1 (1992 ed.).
The officer's testimony would not have been hearsay. It was not offered to prove the truth of the matter asserted, i.e., that appellee actually had an expired license; rather it was offered to explain why the officer effectuated a traffic stop of appellee. The trial court should have determined whether the officer had cause to stop appellee's car based on a reasonable belief that he observed a traffic violation. E.g., Rollins v. State, 578 So.2d 850, 851 (Fla. 2d DCA 1991).
Appellant state relies on State v. Russell, 557 So.2d 666 (Fla. 2d DCA 1990), and State v. Taswell, 560 So.2d 257 (Fla. 3d DCA 1990), for the proposition that once the officers have a legal reason for a traffic stop, they are entitled to search the vehicle. Because the trial court did not make a specific determination whether the stop was legal or pretextual, we cannot determine whether the subsequent search of the vehicle was permissible.
We note, however, that a traffic stop based on an expired tag is permissible, as long as the officers were not looking for a reason to stop the vehicle. E.g., Russell, 557 So.2d at 667 (valid stop where officers noticed broken tag light and cited driver for the violation); Andrews v. State, 540 So.2d 210 (Fla. 4th DCA 1989) (traffic stop for a broken tag light is permissible); compare Taswell, 560 So.2d at 257 (once defendant was properly stopped for a traffic violation, use of a drug-sniff dog was not an unconstitutional search under the Fourth Amendment); Bascoy v. State, 424 So.2d 80 (Fla. 3d DCA 1982) (stopping a person suspected of further criminal activity for a minor traffic infraction for which any citizen could be stopped is not an unlawful pretext stop).
The seminal case on pretextual stops is Kehoe v. State, 521 So.2d 1094 (Fla. 1988). The supreme court in Kehoe held that minor traffic offenses cannot be used as a pretext to stop a vehicle. Id. at 1096-97. The court was concerned that, "[w]hen the police realize that they lack a founded suspicion, they sometimes attempt to justify a stop on some obscure traffic violation." Id. at 1096.
For a court to determine whether the traffic stop was a pretext, the Kehoe court formulated the following test:
[T]he appropriate analysis is whether a reasonable officer would have stopped the car absent an additional invalid purpose. The existence of a fourth amendment violation "turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time." Scott v. United *111 States, 436 U.S. 128, 136, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978).
521 So.2d at 1096.
As stated previously, according to appellee's motion to suppress, the officer making the stop testified at his deposition that he was stopping vehicles according to a particular profile. However the deposition is not in the record, so the rest of the officer's testimony regarding that stop cannot be discerned, and the trial court needs to make this determination.
We therefore reverse and remand for further appropriate proceedings consistent with this opinion.
REVERSE AND REMAND.
DOWNEY and WARNER, JJ., concur.