PER CURIAM.
The state challenges an order granting a motion to suppress evidence seized following a traffic stop. We affirm.
The appellee was charged with possession of cocaine after the ear in which he was riding as a passenger was stopped. Appellee moved to suppress the fruits of the search arguing the stop was pretextual and that the taint of this illegality had not been cured by the time the contraband was discovered. Following an evidentiary hearing, the lower court granted the motion to suppress citing Kehoe v. State, 521 So.2d 1094 (Fla.1988), and State v. Eubanks, 609 So.2d 107 (Fla. 4th DCA1992).
It is well established that a ruling on a motion to suppress comes to an appellate court clothed with a presumption of correctness, and that an appellate court must interpret the evidence, and reasonable inferences therefrom, in a manner favorable to sustain the trial court’s ruling. Johnson v. State, 608 So.2d 4 (Fla.1992). The question before this court is whether there is competent, substantial evidence in the record to support the lower court’s finding that the stop was pretextual. State v. Daniel, 665 So.2d 1040 (Fla.1995). Viewing the evidence in a light favorable to sustaining the lower court’s finding, we conclude that there is. The order of suppression is therefore AFFIRMED.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.