ON REMAND

PER CURIAM.
In Jones v. State, 715 So.2d 378 (Fla. 1st DCA 1998), this court, pursuant to section 924.051(7), Florida Statutes (1997), affirmed appellant’s conviction because he could not demonstrate that his trial contained prejudicial error. However, we certified a question of great public importance to the Florida Supreme Court to determine whether 924.051(7) had abrogated harmless error review under State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The Court quashed our decision and remanded for further consideration under DiGuilio and State v. Lee, 531 So.2d 133 (Fla.1988). Because we cannot say beyond a reasonable doubt that the admission of collateral crime evidence did not affect the verdict, we reverse.
Appellant was charged with sexual battery and robbery. During the trial, the State, over appellant’s objection, elicited testimony from a witness who said that appellant kidnapped her the day after the alleged rape and robbery and that the witness saw the rape victim’s ATM card in appellant’s possession. During its closing arguments, the State again referred to the alleged next-day kidnapping of the witness.
Improperly introduced collateral crime evidence is subject to harmless error analysis under DiGuilio. See Lee, 531 So.2d at 136. “If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.” Id. (citing DiGuilio, 491 So.2d at 1139). The question is not whether the evidence against the defendant was overwhelming or whether the appellate court believes that the defendant would be convicted in a new trial without the collateral crime evidence. See id. at 136-37.
In this case, the collateral crime evidence did very little to establish that appellant had committed sexual battery and robbery the day before the kidnapping. The evidence slightly bolstered the State’s proof of identity, and it connected appellant to the victim through the ATM card. However, the State had no shortage of evidence that already established these two issues, and the admission of this bad character evidence was highly prejudicial to appellant. When the prosecutor spoke of the kidnapping again during closing arguments, the collateral crime evidence received undue emphasis and had become a focal point of the trial. See id. at 137-38.
Accordingly, we must REVERSE appellant’s convictions and REMAND for a new trial.
MINER, ALLEN and KAHN, JJ., CONCUR.