785 So.2d 751 (2001)
Merced ROSADO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1914.
District Court of Appeal of Florida, Fifth District.
June 1, 2001.
James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
*752 Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
We agree with appellant that the letter written by a witness who claimed to have seen appellant, a correctional officer, fondle a female prisoner was inadmissible as a prior consistent statement because it was written after that witness had a motive to fabricate. However, the question here is whether the letter could have had an influence on the outcome of the trial. We find harmless error.
The witness told the chaplain about viewing appellant molesting the prisoner and was told to write down what he had seen. Unquestionably, this disclosure to the chaplain took place after the witness had been removed as trustee in the TV monitor room, near where the incident was testified to have taken place, because of appellant's complaint that the witness had been moving around in the jail without permission. However, the statement given to the chaplain and the written account of it by the witness predates the time the victim, who had in the meantime been released from jail, came forward and described the incident exactly as described by the witness. We find beyond a reasonable doubt that the outcome of the trial would not have changed even had the letter not been introduced into evidence. At most, it was cumulative of the testimony given at trial.
Appellant's second point is that the court erred in his sentence because it believed that it could not depart based on a non-enumerated reason. Actually, the court said that he did not believe that the lack of a prior record was a valid reason for departure. We find no error in the statement that the sentencing judge did not view the lack of a record as justification for departure. There is no indication at all that the judge would have departed for this reason had he thought it legal.
AFFIRMED.
THOMPSON, C.J., and SHARP, W., J., concur.