821 So.2d 1258 (2002)
Lillier IVORY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-834.
District Court of Appeal of Florida, Fourth District.
July 31, 2002.
*1259 Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellee.
FARMER, J.
Defendant appeals her conviction for battery on a law enforcement officer and resisting arrest with violence. In affirming, we find it necessary to discuss only two issues, both of which concern the admission of evidence favorable to the state.
This case involves a mother's intervention while a police officer attempted to write a traffic citation to her daughter for operating a bicycle without a headlight. The evidence before the jury included testimony to the effect that after some verbal protests defendant suddenly grabbed the citation book from the officer's hand and threw it down; that the officer then attempted an "arm bar take down" to handcuff her; that she then resisted by pushing her not inconsiderable body weight against the officer and bit his forearm; and that the officer thereupon performed a "brachial plexus stun" by putting the palm of his hand against a nerve in her neck to force the release of her bite.
Defendant testified that she did not suddenly attack the officer, that the officer threw his book down while she stood by and attacked her without provocation; and that she was surprised by the officer's unwarranted attack because she did nothing to instigate it. Over defendant's objection, another officer, a police training instructor on the proper use of force and defensive tactics, stated that in his opinion defendant's conduct amounted to "active aggression" warranting the "arm bar take down" and the "brachial plexus stun." Defendant also testified that the second officer at the scene referred to her using a racial slur while she was being transported to the police station after her arrest. In rebuttal the state was allowed to offer evidence from still another officer to the effect that the second officer had earlier been decorated for bravery in rescuing an African-American man's life. The jury returned a verdict of guilty on both charges.
Defendant argues on appeal that the admission of the evidence as to the propriety of the police procedures and the rebuttal testimony were both prejudicial error. We disagree.
Section 90.703, Florida Statutes (2001), provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact." The testimony of the police instructor was carefully limited to *1260 the procedures followed by the arresting officer and avoided commenting, either directly or inferentially, on the guilt or innocence of the charges. In fact the witness simply explained and described the police tactics used by the arresting officer and opined that such tactics were warranted if the event occurred as the arresting officer had testified. Compare Sosa-Valdez v. State, 785 So.2d 633, 635 (Fla. 3d DCA 2001) (officer's testimony that victim was not involved in a "set-up" effectually amounted to saying that defendant was guilty because the entire defense was predicated on the theory that the victim had staged his own robbery).
While defendant testified that she did not fight or resist the officer at any time,[1] she also testified in substance that the officer's attempts to arrest her were unprovoked and were excessive. The opinion evidence of the instructor thus responded to issues raised by defendant herself and was therefore relevant. Although defendant also contends that the instructor's testimony unfairly bolstered the testimony of the arresting officer, we do not agree that the record supports this contention. Here, the instructor did not vouch for the credibility, either directly or indirectly, of the arresting officer but instead stated that if the events occurred as he had described, then the police tactics were proper responses according to officer training and instruction. Thus, the testimony did not constitute an improper bolstering by vouching for credibility. As such, the trial court did not abuse its discretion in overruling the objections and allowing the testimony.
We also address the admission of the rebuttal testimony. A trial court's decision to permit a party to offer rebuttal testimony is subject to an abuse of discretion standard of review. Cruse v. State, 588 So.2d 983, 990 (Fla.1991); Winn-Dixie Stores, Inc. v. Sheldon, 184 So.2d 667, 668 (Fla. 4th DCA 1966). Rebuttal evidence is subject to the same rules of evidence as evidence presented during direct examination. See, e.g., Hunt v. State, 429 So.2d 811 (Fla. 2d DCA 1983). In this instance, the admission of the rebuttal evidence violated sections 90.404(1)(c) and 90.405(2), Florida Statutes (2001). It was therefore error to allow the rebuttal testimony.
The improper admission of rebuttal evidence is subject to a harmless error analysis. Barrett v. State, 649 So.2d 219, 224 (Fla.1994). Here, the testimony admitted, though error, was harmless because it could not have affected the jury's determination of guilt. See Goodwin v. State, 751 So.2d 537, 541 (Fla.2000) (error is harmless only if appellate court can say beyond a reasonable doubt that error did not affect the jury's verdict). The arresting officer testified that defendant resisted arrest by pushing her body against him, flailing her arms, and pulling away. He also testified that defendant committed a battery by biting him. The testimony of the second officer was entirely cumulative to the testimony of the arresting officer. Whether the second officer was a racist or not had no bearing on whether defendant had previously resisted the arresting officer and bit him. Therefore defendant could not possibly have been prejudiced by the admission of the rebuttal testimony. Without a showing of prejudice, defendant is not entitled to a new trial on account of this error.
Moreover, defendant "opened the door" to this testimony by testifying about *1261 the second officer's out-of-court statement. "As an evidentiary principle, the concept of `opening the door' allows the admission of otherwise inadmissible testimony to `qualify, explain, or limit' testimony or evidence previously admitted." Ramirez v. State, 739 So.2d 568, 579 (Fla.1999). The notion of "opening the door" is premised on "considerations of fairness and the truth-seeking function of a trial." Ramirez, 739 So.2d at 579. Here, the state offered the rebuttal testimony to challenge defendant's portrayal of the second officer as a racist, biased against her, with a motive to lie about seeing her resist the arresting officer. Cf. Rodriguez v. State, 753 So.2d 29, 42 (Fla.2000) (holding that where defendant sought to establish that witness disliked him and was biased against him, the state was allowed to ask questions which would shed light on the reasons for the possible bias or dislike, which included question relating to knowledge of the witness that the defendant had engaged in random acts of violence and blackmail).
We find no error in any other issue raised by defendant and therefore affirm on all issues.
WARNER, J., and ROBY, WILLIAM L., Associate Judge, concur.
NOTES
[1] For this very reason, we agree that the trial court properly declined to give an instruction on self defense.