838 So.2d 1257 (2003)
Ronald McKEEHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1823.
District Court of Appeal of Florida, Fifth District.
March 14, 2003.
*1258 James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The defendant, Ronald McKeehan, was found guilty after jury trial of robbery with a firearm, grand theft, aggravated assault with a firearm, and kidnapping with intent to commit a felony. All of these crimes were purportedly committed at a Sleep Inn Motel in Orlando. McKeehan asserts that the trial court committed *1259 error by allowing the State to prove the contents of a videotape with oral testimony, rather than with the tape itself.
During the course of the trial, the State introduced collateral crime evidence of a robbery of an Extended Stay America Hotel that was close to the site of the Sleep Inn that occurred a few days before the crimes related to the present case. A clerk who worked at the Extended Stay Hotel testified and identified McKeehan as the perpetrator of the robbery there. The State then called an investigator with the sheriff's office who investigated both robberies. He testified that he had seen a surveillance videotape of the Extended Stay robbery. When the prosecutor asked him if he saw the defendant on the tape, the defense objected, citing the best evidence rule, and pointed out that the State should be required to introduce the tape. The objection, however, was overruled, and the investigator was permitted to testify that the defendant was shown on the videotape.
During jury deliberations, the jury asked the court by written inquiry two questions concerning the evidence. First, the jury asked why the videotape had not been introduced into evidence. The jury also asked if it was permitted to consider the investigator's testimony concerning his observation of the defendant on the tape "as evidence." The trial judge explained to the jury that he could not answer why the videotape had not been introduced, but that the jury was permitted to consider the testimony of the investigator with regard to the tape.
The best evidence rule is set forth in section 90.952, Florida Statutes (2002), as follows:
Except as otherwise provided by statute, an original writing, recording, or photograph is required in order to prove the contents of the writing, recording, or photograph.
Section 90.954, Florida Statutes, amplifies the preceding statute by providing that:
The original of a writing, recording, or photograph is not required, except as provided in s. 90.953 [concerning duplicates], and other evidence of its contents is admissible when:
(1) All originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith.
(2) An original cannot be obtained in this state by any judicial process or procedure.
(3) An original was under the control of the party against whom offered at a time when that party was put on notice by the pleadings or by written notice from the adverse party that the contents of such original would be subject to proof at the hearing, and such original is not produced at the hearing.
(4) The writing, recording, or photograph is not related to a controlling issue.
The best evidence rule, as codified by statute, requires that if the original evidence or a statutorily authorized alternative[1] is available, no evidence should be received which is merely "substitutionary in nature." Liddon v. Bd. of Pub. Instruction for Jackson County, 128 Fla. 838, 175 So. 806, 808 (1937); Sun Bank of St. Lucie County v. Oliver, 403 So.2d 583, 584 (Fla. 4th DCA 1981). Thus, evidence which indicates that a more original source of information is available should be excluded. Id. In short, unless otherwise excused by the evidence code, the original must be produced unless it is shown to be unavailable for a reason other than the serious fault of the proponent. See Williams v. *1260 State, 386 So.2d 538, 540 (Fla.1980); Firestone Serv. Stores, Inc. of Gainesville v. Wynn, 131 Fla. 94, 179 So. 175 (1938).
This rule is predicated on the principle that if the original evidence is available, that evidence should be presented to ensure accurate transmittal of the critical facts contained within it. See Williams; State v. Eubanks, 609 So.2d 107 (Fla. 4th DCA 1992). Thus, in Williams it was found to be error for the trial court to permit introduction of oral evidence of what the victim of an attempted murder wrote (which implicated the defendant in the crime), while at a hospital awaiting treatment. The supreme court noted that no effort had been made by the state to explain the absence of the original writing.
The same is true in the instant case concerning the videotape of the Extended Stay Hotel robbery. The State sought to prove the contents of the videotape not by introduction of the tape, but by oral testimony of its contents without ever establishing the videotape's unavailability. Accordingly, the admission of the testimony violated the best evidence rule.
A violation of the best evidence rule may, however, constitute harmless error. In Williams, the supreme court affirmed despite the error, explaining:
Rather than contesting the accuracy of the terms contained in Ms. Marshall's note, appellant's objection was directed to the reliability of the out-of-court identification, an issue not addressed by the best evidence rule. Moreover, counsel had ample opportunity to discredit the identification by cross-examining Ms. Marshall about the events at the hospital. Given this posture, we do not believe that the trial court's technical error injuriously affected the substantial rights of appellant. § 59.041, Fla. Stat. (1975).
386 So.2d at 540 (footnote omitted).
Under a harmless error analysis, the state must show beyond a reasonable doubt that the error complained of did not contribute to the verdict, or, stated alternatively, that there is no reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986); Stires v. State, 824 So.2d 943 (Fla. 5th DCA 2002). Application of the rule "requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied and, in addition, an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict." DiGuilio, 491 So.2d at 1135. As our supreme court has noted, "the harmless error analysis focuses on the effect of the error on the trier of fact." Goodwin v. State, 751 So.2d 537, 542 (Fla.1999) (quoting State v. Lee, 531 So.2d 133, 137 (Fla.1988)).
The question, therefore, is not whether the evidence against the defendant was overwhelming. Lee, 531 So.2d at 136-37; Jones v. State, 754 So.2d 792 (Fla. 1st DCA 2000). A reviewing court "must resist the temptation to make its own determination of whether a guilty verdict could be sustained by excluding the impermissible evidence and examining only the permissible evidence." Goodwin, 751 So.2d at 542.
In the instant case, the pivotal issue at trial concerned identification of the perpetrator of the Sleep Inn robbery. The sole evidence directly tying the defendant to the Sleep Inn robbery was the desk clerk's eyewitness testimony. The State attempted to bolster the desk clerk's identification *1261 with Williams[2] rule evidence linking the defendant to another recent and very similar hotel robbery in the same vicinity. The victim of the second robbery identified McKeehan as the perpetrator of that crime.
The State then presented an investigator's identification of the defendant from the videotape. As this identification confirmed the identification of the defendant made by the victim, it might appear to amount to the erroneous admission of cumulative evidence that would constitute harmless error. See, e.g., Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988) (same); Ivory v. State, 821 So.2d 1258 (Fla. 4th DCA 2002) (same); Rosado v. State, 785 So.2d 751 (Fla. 5th DCA 2001) (same) (each holding that where erroneously admitted evidence tracks evidence which was properly admitted, the error is harmless).
In the present case, however, the jury's inquiry of the court relating, first, to the absence of the videotape, and then to the investigator's identification testimony based on his examination of the tape, makes it quite evident that the jury seriously considered that particular testimony in reaching its verdict. Moreover, the use by the State in this case of evidence less than the original, when there was no demonstration that the original was unavailable, authorizes an inference that the proponent's position would have been defeated if the best evidence had been furnished.[3]Liddon, 175 So. at 808. Under the circumstances, therefore, we cannot say that there is no reasonable possibility that the inadmissible testimony contributed to the conviction. DiGuilio, 491 So.2d at 1135. Given the questions from the jury, in fact, it is far more likely that the erroneously admitted testimony had an influence on the jury verdict. Accordingly, we reverse the convictions and order a new trial.
In view of this ruling, other issues raised by McKeehan are moot.
REVERSED and REMANDED.
THOMPSON, C.J., and SAWAYA, J., concur.
NOTES
[1] See §§ 90.953, .955, .956, .957, Fla. Stat. (2002).
[2] § 90.404(2)(a), Fla. Stat. (2002); Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[3] The defendant asserts on appeal that the videotape did not produce a clear image of what occurred during the Extended Stay robbery and urges this court to review the videotape, which is part of the record in an appeal arising out of prosecution of the defendant for that crime. Review of the clarity of the videotape is, however, unnecessary to disposition of this appeal.