844 So.2d 725 (2003)
William RUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1475.
District Court of Appeal of Florida, Fifth District.
May 9, 2003.
*726 James B. Gibson, Public Defender and Noel Pelella, Assistant Public Defender, Daytona Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for appellee.
PALMER, J.
William Russell appeals his convictions which were entered by the trial court after a jury found him guilty of committing the crimes of attempted burglary and petit theft. We affirm.
Russell was charged with committing a burglary of a structure, criminal mischief, and petit theft. The charges arose out of an incident in which Russell burglarized a Taco Bell restaurant, damaged cash registers, and stole a quantity of change. The jury found Russell guilty of attempted burglary, *727 a lesser included offense of the burglary of a structure and petit theft charges.
Russell challenges two ruling of the trial court. First, he argues the trial court erred in denying his motion for a mistrial. The motion was made after a state witness allegedly implied that Russell had previously been arrested on an unrelated charge. However, our review of the trial transcript reveals that this argument is meritless.
During the State's case-in-chief, Detective Christoff testified as follows:
Q: And how did you determine that William Russell was a suspect in this case?
A: A couple days after I had received the report, I was notified that Sergeant Devlin, who was a regular deputy at the time, had arrested several individuals for an unrelated charge.
Defense counsel objected and moved for a mistrial, arguing that Christoff's statement improperly implied that Russell had been arrested for criminal activity other than that relating to charges in the instant case. However, Christoff's statement never referenced Russell and, therefore, the trial court properly denied the motion. See Harrison v. State, 775 So.2d 423 (Fla. 5th DCA 2001)(holding that deputy's testimony about his preparation of photographic line-up, which testimony included a reference to a check of defendant's criminal history, did not impermissibly imply to jury that defendant had a prior criminal history, so as to warrant mistrial, where prosecutor interrupted deputy before deputy could testify as to results of his check of defendant's criminal history, and question asked by prosecutor was not one which would have normally elicited a statement with regard to any criminal history).
Russell's second claim of error is that the trial court erred by overruling his "best evidence" objection. Although we agree that the trial court erred in its ruling, we conclude the error was harmless.
During direct examination by the State, Detective Christoff was questioned about a videotape taken from a 7-Eleven store. He testified that the tape showed Russell putting a large amount of change on the counter. Defense counsel objected to the testimony, on the basis of the best evidence rule. The court overruled the objection and allowed the testimony to be admitted.
The best evidence rule is set forth in section 90.952 of Florida Statutes (2000) as follows:
90.952 Requirement of originals. Except as otherwise provided by statute, an original writing, recording, or photograph is required in order to prove the contents of the writing, recording, or photograph.
§ 90.952, Fla. Stat (2000). Section 90.954 of the Florida Statutes (2000) further explains that:
90.954 Admissibility of other evidence of contents.The original of a writing, recording, or photograph is not required, except as provided in s. 90.953 [concerning duplicates], and other evidence of its contents is admissible when:
(1) All originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith.
(2) An original cannot be obtained in this state by any judicial process or procedure.
(3) An original was under the control of the party against whom offered at a time when that party was put on notice by the pleadings or by written notice from the adverse party that the contents of such original would be *728 subject to proof at the hearing, and such original is not produced at the hearing.
(4) The writing, recording, or photograph is not related to a controlling issue.
§ 90.954, Fla. Stat. (2000).
In McKeehan v. State, 838 So.2d 1257 (Fla. 5th DCA 2003), we explained the best evidence rule as follows:
The best evidence rule, as codified by statute, requires that if the original evidence or a statutorily authorized alternative is available, no evidence should be received which is merely "substitutionary in nature." Liddon v. Bd. of Pub. Instruction for Jackson County, 128 Fla. 838, 175 So. 806, 808 (1937); Sun Bank of St. Lucie County v. Oliver, 403 So.2d 583, 584 (Fla. 4th DCA 1981). Thus, evidence which indicates that a more original source of information is available should be excluded. Id. In short, unless otherwise excused by the evidence code, the original must be produced unless it is shown to be unavailable for a reason other than the serious fault of the proponent. See Williams v. State, 386 So.2d 538, 540 (Fla.1980); Firestone Serv. Stores, Inc. of Gainesville v. Wynn, 131 Fla. 94, 179 So. 175 (1938).
Id. at 1259-1260.
Here, since Christoff testified as to the content of 7-Eleven videotape instead of admitting the tape into evidence, defense counsel's best evidence objection should have been sustained. Accordingly, the trial court erred in ruling otherwise. However, the record reveals that such error was harmless.
Under a harmless error analysis, the State must show, beyond a reasonable doubt, that the error complained of did not contribute to the verdict, or, stated alternatively, that there is no reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Stires v. State, 824 So.2d 943 (Fla. 5th DCA 2002). Application of the rule "requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the jury could have legitimately relied and, in addition, an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict." DiGuilio, 491 So.2d at 1135. As our supreme court has noted: "[T]he harmless error analysis focuses on the effect of the error on the trier of fact." Goodwin v. State, 751 So.2d 537(Fla.1999)(quoting State v. Lee, 531 So.2d 133, 137 (Fla.1988)).
During trial, the fact that Russell was in possession of a large amount of change was testified to by four witnesses other than Christoff. As such, Christoff's testimony regarding the 7-Eleven videotape was merely cumulative and did not contribute to the verdict.
AFFIRMED.
PETERSON and TORPY, JJ., concur.