883 So.2d 836 (2004)
Gardiner S. SOMERVELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1751.
District Court of Appeal of Florida, Fifth District.
July 30, 2004.
Rehearing Denied October 12, 2004.
*837 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Gardiner S. Somervell, appeals the judgment and sentence arising from his conviction of attempted lewd and lascivious conduct with an 8-year old male. Mr. Somervell argues that he is entitled to a new trial because he believes that his Sixth Amendment right to confront the witnesses against him was violated. We affirm.
In Crawford v. Washington, ___ U.S. ___, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court overturned the framework for the admissibility in criminal cases of testimonial out-of-court statements articulated in Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597, (1980). Roberts allowed hearsay evidence in a criminal trial, even absent the opportunity for the defense to cross-examine the witness, if the declarant was unavailable, and if the evidence either fell within one of the "firmly rooted hearsay exceptions," or was otherwise shown to have "particularized guarantees of trustworthiness." Roberts, 448 U.S. at 66-74, 100 S.Ct. 2531. The Crawford court held, however, that the Confrontation Clause of the Sixth Amendment to the United States Constitution, excludes from evidence any out-of-court testimonial statements unless, first, the witness is found to be unavailable, and second, the defense is provided with a prior opportunity to cross-examine the declarant. It no longer makes any difference whether the trial court deems the statements to be reliable. See also U.S. v. Hite, 364 F.3d 874, 883 (7th Cir. 2004).
Importantly, the Crawford holding applies only to "testimonial" out-of-court statements in criminal cases, and not to non-testimonial hearsay. The Supreme Court declined to define "testimonial hearsay" in a comprehensive fashion, and specifically left that question "for another day." Crawford, ___ U.S. at ___, 124 S.Ct. at 1374. By its very terms, however, Crawford applies to prior testimony at a preliminary hearing before a grand jury; or to testimony at a former trial; or to police interrogations. Id.; see also Horton v. Allen, 370 F.3d 75, 84 (1st Cir.2004).
In the present case the jury found Mr. Somervell guilty of attempted lewd and lascivious conduct with respect to D.Z., an eight-year-old male. Mr. Somervell argues first that his Sixth Amendment right to confrontation of witnesses was violated when the videotaped statement of D.Z., given in response to police questioning, was admitted into evidence.[1] Mr. Somervell might be correct if the videotape had simply been received into evidence without an opportunity being afforded to cross-examine D.Z. See, e.g., Snowden v. State, 156 Md.App. 139, 846 A.2d 36 (Md.2004). Here, however, D.Z. was not only available to testify, he did in fact testify, and Mr. Somervell (who was fully knowledgeable of the contents of the videotape), had a full and complete opportunity to confront and cross-examine him. D.Z. essentially confirmed in person what he had earlier related on tape. The receipt into evidence of the videotape under these circumstances did not offend the Sixth Amendment.
*838 Mr. Somervell next argues that a Williams rule witness should not have been permitted to tell jurors of the responses she received from another child, D.L., who is also alleged to have been a victim of the appellant. Unfortunately, D.L. is autistic, and because of this condition was determined by the trial judge to be unavailable for testimony at trial. Although he is ten years old, his mental age is approximately four to five. The Williams rule witness was a police officer who had interviewed D.L. at the Child Advocacy Center after the event in question. She was able to get D.L. to talk to her only by pretending that they were on cell phones together. Once again, the admission of this testimonial hearsay would appear to be erroneous in light of Crawford, and might ordinarily require a reversal. Two factors, however, militate against such a conclusion because they convince us that the error in admitting this testimony was harmless.
First, D.L.'s mother testified without objection (except for a generalized objection to the admission of any Williams rule evidence), that she overheard D.L. pretending to talk on a phone with "Mr. Stan," (who was identified as Mr. Somervell), and relating the same information that was later revealed by D.L. to the police officer. The statements made by D.L. and overheard by his mother are, in our judgment, not testimonial.
We come to this conclusion because although the Crawford court declined to provide a comprehensive definition of testimonial statements, it did give us three "formulations" of the "core class of testimonial statements." Crawford, ___ U.S. at ___, 124 S.Ct. at 1364. First, the court described a class consisting of "ex parte in-court testimony or its functional equivalent," which includes such things as affidavits, custodial examinations, prior testimony that the defendant was unable to test by cross-examination, "or similar pretrial statements that declarants would reasonably expect to be used `prosecutorially.'" Id. The second class of testimonial statements consists of out-of-court statements "contained in formalized testimonial materials, such as affidavits, depositions, prior testimony or confessions." Id. The final class described by the Supreme Court is comprised of testimonial statements "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. See also Horton, 370 F.3d at 84 (1st Cir.2004).
It seems to us that statements that a mother hears from her autistic child does not fit within the umbra or penumbra of any of these categories. We hold, accordingly, that it was non-testimonial. If the mother's testimony was admissible, then the testimony emanating from the police officer at the Child Advocacy Center was cumulative. That the evidence was cumulative must, of course, be factored into the harmless error calculus. See Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988); Ivory v. State, 821 So.2d 1258 (Fla. 4th DCA 2002); Rosado v. State, 785 So.2d 751 (Fla. 5th DCA 2001).
Another consideration entering into our harmless error analysis is that Mr. Somervell made certain pretrial admissions reflecting that while he did attempt to commit a lewd and lascivious act on D.Z., he was prevented from doing so. Mr. Somervell was tried on a charge of touching a child under 16 in a lewd and lascivious manner, in violation of section 800.04(6)(a)(1) and (6)(b), Florida Statutes (2001). The jury apparently accepted his explanation, as it found Mr. Somervell guilty only of an attempt.
*839 Despite the fact that the Confrontation Clause is implicated by the issues raised in this case, we conclude that a harmless error analysis is appropriate. See U.S. v. Mitchell, 365 F.3d 215, 253 (3d Cir.2004); see also U.S. v. Anderskow, 88 F.3d 245, 251 (3d Cir.), cert. denied, 519 U.S. 1042 (1996). In light of the fact that the improperly admitted Williams rule testimony was cumulative in nature, and in light of the inculpatory statements of Mr. Somervell, and in light of the jury's acceptance of Mr. Somervell's explanation, we are convinced that the improper admission of the police officer's testimony concerning D.L.'s statements was harmless error beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
AFFIRMED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] The State asked the trial court to declare that D.Z. was unavailable to testify because he refused to recall bad memories. The court deferred ruling on the issue until trial.