GROSS, J.
The key issue in the trial below was whether appellant was adequately identified as one of the three boys who burgled a home. The identification was based in part on the testimony of a detective who described what she saw on a surveillance videotape she viewed outside the courtroom. The crucial camera angle upon which the detective based her identification did not appear on the copy of the surveillance video offered into evidence at trial. Because the detective’s testimony identifying appellant on the surveillance video violated the best evidence rule, we reverse.
A deputy sheriff testified that on the day of the burglary, appellant was a boy he chased but whom he never caught. A video from the home surveillance system of the house next door was played for the court. The victim said that although appellant’s face was not clear on the video, she recognized appellant as a friend of her son based on his clothing, mannerisms, and hair. The victim’s son also identified appellant from the video.
The final piece of identification evidence was the testimony of a detective who stated she was able to identify appellant from the video; however, her identification was based on a camera angle that was not a part of the video admitted into evidence. When she first watched the video, it contained four views from different cameras. The video in evidence contained just three of these views. Appellant timely raised a “best evidence” objection, which the court overruled.
In finding appellant guilty, the trial judge commented that, taken alone, none of the identifications were enough to prove the case beyond a reasonable doubt. However, the court found that all of the identifications, when considered together, satisfied the State’s burden of proof.

The Best Evidence Rule Applies

Section 90.952, Florida Statutes (2012), commonly known as the “best evidence rule,” provides:
Except as otherwise provided by statute, an original writing, recording, or photograph is required in order to prove the contents of the writing, recording, or photograph.
*576 The best evidence rule requires that “when the contents of a writing, recording or photograph are being proved, an original must be offered unless a statutory excuse for the lack of an original exists.” Charles W. Ehrhardt, Florida Evidence § 952.1 (2012 ed.). “If a section 90.954 excuse cannot be shown, the testimony of a witness ... about the contents of the original is inadmissible.” Id. “This rule is predicated on the principle that if the original evidence is available, that evidence should be presented to ensure accurate transmittal of the critical facts contained within it.” McKeehan v. State, 838 So.2d 1257, 1260 (Fla. 5th DCA 2003).
In this case, the detective’s testimony was offered to prove “the contents” of the missing view on the surveillance video — that appellant was present at the scene of the burglary — making section 90.952 applicable.
The detective testified that even though the court was unable to view the portion of the surveillance video upon which she based her identification, that unavailable view “clearly show[ed] all three subjects and their faces.” Typically, useful surveillance video shows the commission of a crime; when offered to prove the crime without introduction of the video in evidence, a witness’s in-court description of the actions depicted on the video is content-based testimony that violates the best evidence rule. See, e.g., Dyer v. State, 26 So.3d 700, 702-04 (Fla. 4th DCA 2010) (store manager improperly allowed to testify that the store’s surveillance video showed the defendant opening DVD boxes and putting DVDs into his pocket); Russell v. State, 844 So.2d 725, 727-28 (Fla. 5th DCA 2003) (finding best evidence rule violation where a detective testified that a video showed the defendant placing a large amount of change on the counter of a 7-Eleven after a large quantity of change had been stolen from a Taco Bell).
This case is similar to McKeehan, 838 So.2d 1257, where a police officer identified the defendant as being at the scene of a robbery based on a videotape of the robbery that had not been offered into evidence. In McKeehan, the defendant was charged with committing robbery with a firearm and other crimes at a Sleep Inn Motel. Id. at 1258. At trial, the State introduced collateral crime evidence of a robbery at an Extended Stay America Hotel. Id. at 1259. A clerk who worked at the Extended Stay America testified and identified the defendant. Id. The State then called the investigator assigned to both robberies. Id. The investigator testified that he watched the Extended Stay America’s surveillance video, and he was permitted to testify that the defendant was shown on the videotape. Id. The Fifth District held that this testimony violated the best evidence rule because the State “sought to prove the contents of the videotape not by introduction of the tape, but by oral testimony of its contents without ever establishing the videotape’s unavailability.” Id. at 1260. Thus, although the tape was not admitted to prove that the defendant committed the Sleep Inn robbery, identifying the defendant as the individual on.the scene of a different robbery was content-based testimony.
In sum, the detective’s testimony in this case — that she saw a better camera angle, not present on the video in evidence, that clearly depicted appellant’s face — violated the best evidence rule.

Exceptions to the Best Evidence Rule

Section 90.954, Florida Statutes (2012), sets forth certain exceptions to the requirement for originals:
The original of a writing, recording, or photograph is not required, except as *577 provided in s. 90.953, and other evidence of its contents is admissible when:
(1) All originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith.
(2) An original cannot be obtained in this state by any judicial process or procedure.
(3) An original was under the control of the party against whom offered at a time when that party was put on notice by the pleadings or by written notice from the adverse party that the contents of such original would be subject to proof at the hearing, and such original is not produced at the hearing.
(4) The writing, recording, or photograph is not related to a controlling issue.
§ 90.954, Fla. Stat. (2012). The State argues that exception (1) applies because the relevant camera angle was lost or destroyed, but at trial the State offered no explanation for why the original video was missing.
Dyer, 26 So.3d 700, demonstrates that the burden is on the proponent of secondary evidence “to convince the trial judge that as a matter of fact one of the enumerated excuses for the non-production of an original exists.” Charles W. Ehrhardt, Florida Evidence § 954.1 (2012 ed.). In Dyer, the State had a technical problem with a surveillance video. 26 So.3d at 702. After consulting with technical support and determining the video was unplayable, the State then asked the store manager to testify about his observations of the video’s contents. Id. We found that the section 90.954(1) “lost or destroyed” exception to the best evidence rule did not apply because “[t]he state’s inability to show the video recording due to temporary technical difficulties does not qualify the DVD as being ‘lost or destroyed’ within the meaning of the statute.” Id. at 703.
Here, the State argues that Dyer is distinguishable but does not explain why. At trial, the State did not give a reason why the video view was missing, and no one testified that the video was unrecoverable from the neighbor’s system. As the proponent of the evidence, the State had the burden of establishing its admissibility. The State thus failed to establish that the video view was “lost or destroyed” within the meaning of section 90.954 and none of the other exceptions are applicable. As a result, the detective’s testimony based on the missing video view violated the best evidence rule, and an exception did not apply.

Harmless Error

Best evidence violations are subject to harmless error review. “[T]he state must show beyond a reasonable doubt that the error complained of did not contribute to the verdict, or, stated alternatively, that there is no reasonable possibility that the error contributed to the conviction.” McKeehan, 838 So.2d at 1260 (citing State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986); Stires v. State, 824 So.2d 943 (Fla. 5th DCA 2002)). The analysis focuses on the effect of the error on the trier of fact. Id. (quoting Goodwin v. State, 751 So.2d 537, 542 (Fla.1999)).
This error was not harmless. The trial court expressed concerns about the sufficiency of the evidence. First, the court was concerned that the witnesses identified appellant based on a video that the court was unable to view. Further, the court was troubled that the video identification was tainted because the three witnesses watched the video together. The court stated that none of the identifications individually would have been enough to prove this case. For these reasons, we cannot conclude beyond a reasonable doubt that the improper identification *578 based on the unadmitted video Anew did not contribute to the judgment.
Therefore, we reverse appellant’s convictions and sentences and remand for a new trial.
GERBER and FORST, JJ., concur.