# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2328
Lower Tribunal No. 14-2078
_____

**J.J., a juvenile,**
Appellant,

Vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and FERNANDEZ, JJ.

FERNANDEZ, J.

J.J., a juvenile, appeals the trial court's withholding of adjudication and

probation sentence, contending that it was harmful error for the trial court to allow

direct testimony about what a live video feed showed without placing the recording into evidence. We affirm because direct testimony of events observed, even where those events are being concurrently recorded, is not a violation of the best evidence rule when the recording is not placed in evidence.

The court adjudicated J.J. delinquent for shoplifting. The loss prevention officers observed her and her two female companions, via CCTV (closed-circuit television), select items from the shelves, conceal them, and walk out of the store without paying for the items. The CCTV feed automatically recorded the theft. Two loss prevention officers also observed the theft in progress, live, via the CCTV monitor. The loss prevention officers confronted the women outside the store and asked them to accompany the officers to the loss prevention office, where the women removed the stolen items from their pockets.

The State was unable to play the recording at trial because proprietary equipment was required for playback, and neither the court nor the State had such equipment available. A loss prevention officer testified that on the date of the theft, he saw the women take the property without paying for it. The defense objected to the testimony based on a violation of the best evidence rule because the recording could not be played. The court overruled the objection. We agree that there was no violation of the best evidence rule.

2

We review a trial court's ruling on evidentiary issues for abuse of discretion. England v. State, 940 So. 2d 389, 400 (Fla. 2006). Florida's best evidence rule is codified in section 90.952, Florida Statutes (2014). This section provides that: "[e]xcept as otherwise provided by statute, an original writing, recording, or photograph is required in order to prove the contents of the writing, recording, or photograph." A witness's in-court description of actions depicted in a video recording is "content-based testimony that violates the best evidence rule" when offered to prove the crime without introduction of the video in evidence. T.D.W. v. State, 137 So. 3d 574, 576 (Fla. 4th DCA 2014).

The defense argues that although the loss prevention officer watched the live feed from his office, the best evidence rule still applies because the officer described what a recording of the events showed. In support of its argument, the defense points to T.D.W. where the Fourth District Court of Appeal held that a detective's testimony identifying the juvenile based on the detective's review of a portion of surveillance video that was not admitted at trial violated the best evidence rule. Id.

T.D.W., however, is distinguishable because in that case, the detective's testimony was offered to prove the contents of the recording. In addition, the detective described what she saw on the surveillance videotape she viewed outside the courtroom. Id. at 575. In the case before us, the only issue for this Court to

decide is whether the mere existence of a recording of what the loss prevention officer saw live makes his testimony about a live event subject to the best evidence rule. We hold that it does not.

In so holding, we join the decisions of other state and federal jurisdictions, which hold that testimony describing events that were observed live and recorded do not violate the best evidence rule, even if the recording is not admitted in evidence. See, e.g., United States v. Workinger, 90 F.3d 1409, 1415 (9th Cir. 1996); United States v. Howard, 953 F.2d 610, 612–13 (11th Cir. 1992); Matute v. State, 2014 WL 6845585, at *4-5 (Tex. Ct. App. Nov. 26, 2014) (unpublished); Cox v. State, 2012 WL 2692189, at *3 (Tex. Ct. App. July 9, 2012); People v. Tharpe–Williams, 676 N.E.2d 717, 720 (Ill. App. Ct. 1997); In re Jayshawn B., 975 N.Y.S.2d 863, 866 (N.Y. Fam. Ct. 2013). We find the reasoning of these state and federal cases persuasive on this issue of first impression in Florida.[1]

Here, there is no violation of the best evidence rule. The loss prevention officer did not try to prove the contents of the recording. He recounted his own observations of the events, which he viewed personally and contemporaneously through a closed-circuit surveillance system. Accordingly, the defense's argument

---

[1] In addition, other state courts have likened observations made via a live video feed to observations made through other visual aids such as binoculars or a telescope. See Commonwealth v. Capeles, 950 N.E.2d 84, 84 (Mass. App. Ct. 2011) (unpublished); Tharpe–Williams, 676 N.E.2d at 721. We also find this reasoning persuasive.

4

that the best evidence rule was violated is misplaced because a live video feed is not a recording. It is instead an electronic aid to a personal observation. The mere fact that a recording was made does not instantly convert the recording into a better piece of evidence.

Consequently, the testimony describing a live observation of a subject that is concurrently being recorded is not a violation of the best evidence rule. Therefore, we affirm the trial court's withholding of adjudication and probation sentence.

Affirmed.