901 So.2d 324 (2005)
A.B., Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN & FAMILY SERVICES, Appellee.
No. 3D04-467.
District Court of Appeal of Florida, Third District.
May 4, 2005.
*325 Bennett H. Brummer and Ivy R. Ginsberg, Miami, for appellant.
Calianne P. Lantz, for appellee.
Before LEVY, C.J., and CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, Judge.
The mother, A.B., appeals an order of adjudication of dependency. We affirm.
In the instant case, after conducting an evidentiary hearing and considering the child's deposition testimony, the trial court entered an order of dependency making specific findings of fact that the mother neglected and abused her fifteen-year-old child, D.S., by failing to protect her from the stepfather's sexual and physical abuse.
With regard to the allegations of sexual abuse, the trial court found that the stepfather repeatedly sexually molested the child with the mother's knowledge. The trial court noted that the child reported the abuse to the mother, but that the mother failed to take appropriate action to protect the child from further abuse and failed to seek treatment for the child. The trial court found that the abuse only came to light when the child reported the abuse to her relatives during a visit in Pittsburgh. The trial court stated:

*326 According to [the child], the stepfather would enter her bedroom at night while she was asleep and would get into bed with her, and while in bed, would place his arm around her from the back and rub his erect penis against her legs and buttocks. She reported that when she would scream for her mother, the stepfather would leave the room. These incidents occurred several times between May 2002 and November 2002.
Further, the trial court found that when these incidents were reported to the mother, she failed to notify any government or private assistance agency for intervention. Instead, the trial court found that "the mother dealt with this information by praying, fasting and instructing her daughter to lock her bedroom door." The trial court noted that the mother continues to reside with the stepfather and insists that her daughter should return home, notwithstanding the child's emotional distress and fear.
The trial court specifically rejected the mother's assertion that the child fabricated these allegations as a pretext to leave home and to move to Pennsylvania with her relatives stating that it was not supported by the evidence. The trial court explained that the child was a talented dancer and a good student, who had many friends in Miami. The trial court stressed that the mother's own testimony corroborated the allegations of sexual abuse because she admitted on cross-examination that the stepfather slept on the couch, that she had admonished the stepfather not to go into the child's room, and that she believed that the stepfather had continued to do so because she found him walking "from room to room."
With regard to the allegations of physical abuse, the trial court found that child was physically abused by the stepfather with the mother's knowledge and consent and that this finding was supported by both the mother and the child's testimony. The trial court found that the stepfather frequently beat the child with a belt leaving visible marks on her arms and legs, that the mother saw the stepfather beat the child with a leather strap or a belt, and that the mother was "ok with that" because she believed this was an acceptable form of discipline and the stepfather was the appropriate person to administer such discipline because he was "the king of the castle."
The mother appeals from this order of dependency contending that the admission of the child's deposition testimony, although authorized by the Rule 8.245(g)(3)(B)(ii), Florida Rules of Juvenile Procedure, violated her constitutional right to confrontation and cross-examination of her accuser.
The standard of review for the mother's constitutional claim is de novo as this issue involves a question of law. G.C. v. Department of Children & Families, 791 So.2d 17, 19 (Fla. 5th DCA 2001). However, because a determination of dependency is a mixed question of law and fact, on review it will be sustained if the court applied the correct law and its ruling is supported by competent substantial evidence in the record. In re M.F., 770 So.2d 1189, 1192 (Fla.2000)
In support of the claim that she had a constitutional right to confront her accuser, the mother relies on criminal cases interpreting the confrontation clause of the Sixth Amendment of the United States Constitution. See e.g., State v. Abreu, 837 So.2d 400 (Fla.2003); Harrell v. State, 709 So.2d 1364 (Fla.), cert. denied, 525 U.S. 903, 119 S.Ct. 236, 142 L.Ed.2d 194 (1998). We find that the mother's reliance on these criminal cases is misplaced. Dependency proceedings are civil *327 in nature and not criminal. S.B. v. Department of Children & Families, 851 So.2d 689, 691 (Fla.2003). The primary purpose of a petition for dependency is to protect the child, not to punish the caregiver. § 39.001, Fla. Stat. (2003); S.B., 851 So.2d at 693. Hence, the procedures and goals in dependency proceedings are different in form and function from those in criminal prosecutions. S.B., 851 So.2d at 693.
Rule 8.245(g)(3)(B)(ii) provides that deposition testimony taken pursuant to this rule may be used at any hearing covered by these rules, by any party for "testimonial evidence," when the deponent, whether or not a party, is unavailable to testify because "[h]e or she is at a greater distance than 100 miles from the place of hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition." Fla. R. Juv. P. 8.245(g)(3)(B)(ii).
In the instant case, the use of the child's deposition testimony as evidence in the dependency proceeding comported with the requirements of Rule 8.245(g)(3)(B)(ii) because the child was unavailable as she was living in Pennsylvania with her maternal grandparents. At the deposition, the mother's counsel was given an opportunity to cross-examine the child and did so. Moreover, the mother is unable to allege any valid due process claims. See S.B., 851 So.2d at 692-94; In re D.B., 385 So.2d 83 (Fla.1980).
In the mother's second point on appeal, she challenges the sufficiency of the evidence with regard to the findings of physical abuse. Irrespective of whether or not the child was, in fact, physically abused, we affirm as there was substantial competent evidence to support the trial court's findings that the mother neglected and abused her child by failing to protect her from the stepfather's sexual abuse. In re M.F., 770 So.2d at 1192 (Fla.2000). Accordingly, the trial court's determination of dependency is affirmed.
Affirmed.