979 So.2d 1182 (2008)
K.S., the mother, Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 4D07-3365.
District Court of Appeal of Florida, Fourth District.
April 23, 2008.
*1183 Denise E. Kistner of Law Offices of Denise E. Kistner, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
Patricia M. Propheter, Orlando, for Florida Guardian ad Litem Program.
STONE, J.
K.S., the mother appeals an order adjudicating her child, M.R., dependent. The trial court held that the mother failed to protect M.R. and that he was subject to an imminent threat of harm. We reverse.
M.R.'s hand was burned in a kitchen incident, the facts of which are in dispute. The mother and the mother's boyfriend, Sean, were in the kitchen preparing a meal. The department submits that Sean punished M.R. for misbehaving by intentionally burning his hand in the oven. Sean and the mother denied the allegations, explaining that M.R. was burned when he reached into the oven for French fries, and Sean pulled M.R.'s hand away. The mother testified that she is no longer in a relationship with Sean.
The department's case consisted of witnesses who testified that M.R. told them that Sean grabbed M.R.'s hand and touched it to the oven as punishment for being bad, a child protection team nurse who opined that the burn was an "inflicted" injury, and conflicting testimony about whether the mother witnessed the burn. Although the nurse confirmed that the mother told her she was in the kitchen, the initial investigating officer replied, during cross-examination, as follows:
Q. So, as far as you know  Well, as far as you know, the only ones in the kitchen are [M.R.] and Sean?
A. That's  That's probably correct, yes. According to what I gathered, that's all I  that's all I can tell you.
The nurse based her opinion that the burn was an inflicted injury due to the location of the injury and "the child's history of what happened." The nurse did agree that the mother, a certified medical assistant, immediately applied proper treatment to the burn.
A child protective investigator testified to the mother telling her that M.R. "was running around playing and he  and the oven was open  I think she says  at a 45 degree angle and the rack was out, and he ran into it." The trial court also examined M.R., who did not remember how the burn occurred.
It is undisputed that neither Sean nor the mother has ever been suspected of *1184 child abuse or involvement in any violent acts.
The trial court did not believe the mother and concluded "that the mother was standing right next to the oven. She witnesses Sean . . . grab the child's hand, drag him over to the oven, place his hand inside the oven and intentionally burn the child as the child had testified previously."
The trial court found the child dependent because "the mother neglected the [child] and the child is presently at substantial risk of imminent threat of harm as defined in Florida Statute 39.01(31); or imminent threat of physical/emotional abuse as defined in Florida Statute 39.01(2); or imminent neglect as defined in Florida Statute 39.01(43)." The trial court's further elaboration and substantive findings centered on its conclusion that "Mother failed to protect the child from her paramour."
Review of a dependency order is a mixed question of law and fact. R.F. v. Fla. Dep't of Children & Families (In re M.F.), 770 So.2d 1189, 1192 (Fla.2000). For a trial court to adjudicate a child dependent, the department must prove by a preponderance of the evidence that the child (1) has "been abandoned, abused, or neglected by the child's parent," or (2) is "at substantial risk of imminent abuse, abandonment, or neglect by the parent." § 39.01(14)(a), (f) (2006), Fla. Stat.; see also In re M.F., 770 So.2d at 1192.
Section 39.01(2) explicitly defines "abuse" as "any willful act or threatened act that results in any physical, mental or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." § 39.01(2), Fla. Stat. "Harm," in turn, can occur when, for instance, any person "[n]egligently fails to protect a child in his or her care from inflicted physical, mental, or sexual injury caused by the acts of another." § 39.01(31)(j), Fla. Stat. Upon review of the record, we conclude that the evidence fails to support an order of dependency under section 39.01(14).
In G.R. v. Department of Children and Family Services, 937 So.2d 1257, 1261-62 (Fla. 2d DCA 2006), the court discussed the law on adjudicating a child dependent based upon a parent's failure to protect the child. In G.R., the trial court found the child dependent because his mother failed to protect him from her husband, who the trial court found fractured the child's femur. Id. at 1259-60. The G.R. court explained that in the dependency context, "it is logical . . . to require proof that the parent who is alleged to have failed to protect the child knew or should have known the offender would engage in the abusive conduct." Id. at 1262.
Similar to the instant circumstances, the circumstance in G.R. was not one where the injury could not have occurred without the parent's knowledge. See id. ("Even in the absence of direct proof that a parent knew of the abuse of a child, courts have affirmed findings that the abuse could not possibly have occurred without the parent's knowledge."). Reviewing the record, the G.R. district court found that it lacked evidence of any other incidents of abuse, or abuse of other siblings, "or of any signs of other abuse on the body of [adjudicated child], such as bruising or old fractures that had healed." Id. ("The Department presented evidence of only one incident of abuse, albeit a serious incident."). Furthermore, the department offered no testimony about "the family's mode of living, the parents' disciplinary practices, and so forth." Id. Finding "no evidence that the Mother knew or should have known whether the Father had a propensity toward abuse," the G.R. court held that "the trial court lacked a basis for finding that *1185 the Mother failed to protect [the child] from the Father." Id.
In contrast, the record in A.B. v. Florida Department of Children and Family Services, 901 So.2d 324, 325 (Fla. 3d DCA 2005), supported the trial court's dependency order where the mother neglected and abused her teenage daughter "by failing to protect her from stepfather's sexual and physical abuse." The record showed that the daughter reported several incidents of sexual abuse to her mother, who instead of notifying authorities, resorted to "praying, fasting, and instructing her daughter to lock her bedroom door," and continued to reside with the stepfather. Id. at 326. Finding substantial, competent evidence that the "mother neglected and abused her child by failing to protect her from the stepfather's sexual abuse," the A.B. court affirmed the dependency order. Id.; see also T.S. v. Fla. Dep't of Children & Families, 935 So.2d 626, 628-29 (Fla. 1st DCA 2006) (affirming dependency order where record demonstrated that daughter told mother that her boyfriend, who had a prior child molestation conviction, "touched her").
Here, although the record contains sufficient evidence for a trial court to conclude that Sean intentionally burned M.R.'s hand, it lacks sufficient evidence on how the mother failed to protect M.R. or that M.R. is at substantial risk of imminent abuse by the mother, due to her negligent failure to protect. Specifically, the record lacks any competent, substantial evidence that the mother saw what occurred prior to the burn or passed up an opportunity to protect M.R.
The record simply does not support the trial court's finding of the mother's participation in the incident. Although witnesses testified that M.R. told them that Sean put M.R.'s hand in the oven, there is no testimony that the mother "witnessed Sean . . . grab the child's hand, drag him over to the oven, place his hand inside the oven and intentionally burn the child." The record simply lacks competent, substantial evidence as to how the mother negligently and willfully failed to protect M.R. from Sean's act in the absence of any evidence that she should have known that Sean would abuse M.R.
Unlike the A.B. and T.S. records showing that the parent knew of the other parent's abuse of their child, the instant record lacks competent evidence of the mother's knowledge that Sean had any propensity to abuse M.R. or was otherwise a threat. Similar to the single incident of abuse in G.R. and the insufficient evidence that his mother knew or should have known of the father's abusive inclination, the sole incident of M.R.'s burn does not support a finding that the mother failed to protect him.
In its answer brief, the department further argues that dependency should be affirmed because the mother failed to act after the incident, which supports a finding of "imminent risk of harm." This court closely reviews whether risk of prospective harm supports dependency adjudication.
In R.S. v. Department of Children and Families, 881 So.2d 1130 (Fla. 4th DCA 2004), the trial court "determined that the children would be at a significant risk of harm and neglect if they were reunited with their father, because of the father's poor parenting skills, lack of attachment to the children, and substance abuse and anger management issues." There, this court emphasized that "[t]here was no evidence of the father's prior abuse, abandonment, or neglect of the minor children. There was insufficient evidence in the record that the children are at substantial risk of imminent abuse, abandonment, or neglect by the father." Id. at 1135; see also E.M.A. v. Dep't of Children & Families, *1186 795 So.2d 183, 188 (Fla. 1st DCA 2001) ("[W]here the record discloses no prior act of neglect or abuse, the Florida Legislature apparently has concluded that the mere possibility of future abuse, neglect, or abandonment will not support a finding of dependency. Rather, where the slate is clean, Florida law requires a substantial risk of imminent abuse or imminent neglect to support a finding that a child is dependent."). In R.S., we thus reversed the dependency order, concluding that "the evidence must show a substantial risk of imminent abuse or neglect . . . and not just the mere possibility of future abuse of neglect." R.S., 881 So.2d at 1135-36.
Similarly, in C.A. v. Department of Children and Families, 958 So.2d 554, 560 (Fla. 4th DCA 2007), this court recognized that there was no evidence that a father's drug abuse problem, or his failure to protect the child from the mother's drug use, constituted imminent risk of harm. We stated that: "[t]o prove there is an imminent risk a child will be abused or neglected, DCF must offer competent, substantial evidence that abuse or neglect is impending and about to occur."
Therefore, accepting the trial court determination that Sean burned M.R.'s hand, the record is insufficient to show that the mother abused or neglected M.R. or that abuse or neglect is imminent.
We recognize that the department claims that the mother, after the incident, failed to disclose Sean's wrongdoing. The department relies on J.C. v. Florida Department of Children and Family Services, 937 So.2d 184 (Fla. 3d DCA 2006), in arguing that dependency is proper "where a parent has placed a child at an imminent risk of harm, though no actual harm has occurred." In J.C., the Third District affirmed the trial court's finding the children's health was at substantial risk of imminent harm. There, the department presented evidence "that the children lived in an environment where (1) the children's father conducted numerous hand to hand drug transactions throughout the day, (2) the mother was aware of the drug transactions, but did nothing to protect the child, and (3) there was an unsecured firearm that was accessible to the children." Id. at 187. Here, as Sean is no longer part of the mother's or her children's lives, the department did not offer competent evidence on how the mother's inaction places M.R.'s health at substantial risk of imminent abuse or neglect, similar to the J.C. children who lived in an environment where drugs and a gun were present.
In sum, the department failed to present competent, substantial evidence that the mother abused or neglected M.R. by failing to protect him from Sean or that M.R. is at a substantial risk of imminent abuse or neglect by the mother.
Therefore, consistent with the above cited authorities, we reverse and remand for modification accordingly.
WARNER and FARMER, JJ., concur.