53 So.3d 240 (2010)
C.R., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES and the Guardian Ad Litem Program, Appellees.
Nos. 3D09-2833, 3D09-2927, 3D09-2928.
District Court of Appeal of Florida, Third District.
October 27, 2010.
Opinion Denying Clarification February 9, 2011.
*241 Joseph P. George, Jr., Criminal Conflict and Civil Regional Counsel, Richard F. Joyce, Chief Assistant Regional Counsel and Kevin Coyle Colbert, Assistant Regional Counsel, for appellant.
Esther Jacobo, Statewide Deputy Director, and Karla Perkins, Children Legal Services Appellate Counsel; Hillary S. Kambour, Appellate Counsel for the Guardian ad Litem Program.
Before RAMIREZ, C.J., and COPE and ROTHENBERG, JJ.
RAMIREZ, C.J.
C.R., the mother, appeals three trial court orders that vacated an Order of Dependency Withholding Adjudication, and two disposition orders. We reverse the trial court's decision to vacate the dependency order because that order was final in nature and one from which the parties did not appeal below.
On July 24, 2009, the Department of Children and Families filed a dependency petition regarding I.Z., a minor child. The Department alleged that both of I.Z.'s parents had mental health issues, and in January 2008, I.Z.'s two older siblings were removed from the mother's care due to allegations of domestic violence. The Department further alleged that the mother was compliant with all requirements that allowed her to retain custody of I.Z. while I.Z. stayed at her aunt's home.
The trial court entered the order of dependency at issue on July 27, 2009, based on the mother's consent that her history of neglect placed I.Z. at a potential risk of harm. The trial court found that I.Z. had no legal father. The mother had named F.Z. as the child's father, but at the time of the mother's consent, the department had not yet located the father to participate in the proceedings. The father is currently incarcerated.
On August 24, 2009, the trial court held a disposition hearing as to I.Z. and entered an Order of Disposition, Acceptance of Case Plan, and Notice of Hearing on September 17, 2009. On August 31, 2009, the Department filed an amended dependency petition, and then a second amended petition on September 23, 2009. The Department alleged that the father acknowledged paternity of I.Z. on August 24, 2009. The petition also contained the same allegations as the original dependency petition. The Department further alleged in its second amended petition that the father was non-compliant with his case plan regarding his older child, F.Z.
On September 23, 2009, the trial court entered Orders of Adjudication and Disposition based on the father's consent to the child having been adjudicated dependent. The trial court found that the father failed to complete his tasks regarding F.Z. and could not take custody of I.Z. because the father was currently incarcerated.
On October 7, 2009, the trial court vacated the July 27, 2009 Order of Dependency Withholding Adjudication as to the mother. The court also vacated its September 17, 2009 disposition order and its September 23, 2009 order that adjudicated I.Z. dependent as to the father, and issued an order of Dependency on December 7, 2009.
On appeal, the mother contends that the trial court erred when it vacated the September 17, 2009 Order Withholding Adjudication *242 as to the mother more than two months after it was rendered and the Order of Disposition over ten days after its entry. She argues that both orders were final, and as such can only be modified by a motion for rehearing, a motion for relief from judgment or order, or by appeal or original proceeding.
The standard of review for a question of law in dependency proceedings is de novo. See G.C. & D.C. v. Dep't of Children & Families, 791 So.2d 17, 19 (Fla. 5th DCA 2001). A determination of dependency is a question of law and fact, and such a determination will be upheld when the trial court applies the correct law and its ruling is supported by competent substantial evidence. See A.B. v. Dep't of Children & Family Servs., 901 So.2d 324, 326 (Fla. 3d DCA 2005). We conclude that a review of the record supports the mother's contention that the trial court's decision to vacate the dependency order constituted error.
A motion for rehearing must be filed within ten days of the issuance of an order. See Fla. R. Juv. P. 8.265(b)(1). Here, the record does not show that any party filed or requested such a motion. A motion for relief from judgments or orders is permitted only for the four reasons listed under Florida Rule of Juvenile Procedure 8.270(b):
(1) Mistake, inadvertence, surprise or excusable neglect.
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for rehearing.
(3) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of any other party.
(4) That the order or judgment or any part thereof is void.
The record reflects that no such motion was filed. Furthermore, the record does not indicate that the Department or the guardian timely appealed the adjudication or disposition orders.
The Department argues that the trial court had the authority to vacate the original order of dependency, but that it erred in doing so because section 39.507(7)(b), Florida Statutes (2009), does not allow the dependent state of a child to be retried. Additionally, it contends that section 39.507(7)(a) only permits the trial court to enter a single order regarding the dependency of the child. However, the trial court is allowed to make supplemental findings regarding the later-arriving parent.
The guardian agrees with the Department that the trial court had the authority to vacate the order of dependency but that it erred in doing so because section 39.507(7) does not allow the dependent state of a child to be retried. The guardian contends, however, that the trial court correctly ruled that the child's dependency cannot be simultaneously withheld and entered because there can only be one order addressing the child's dependency status.
The rules of adjudicatory hearings are found in section 39.507. Section 39.507(5) states that if a court finds a child dependent, "but finds no action other than supervision in the child's home is required, it may enter an order briefly stating the facts upon which its finding is based, but withholding an order of adjudication and placing the child's home under the supervision of the department." That is precisely what the trial court held in the July 27, 2009 hearing. The trial court withheld adjudication based on the mother's plea, in which she:
[c]onsented freely, knowingly, voluntarily, and intelligently with the advice of counsel with whose services she is satisfied *243 with to [sic] the following specific findings of fact: [t]he mother neglected two of her children resulting in their removal from her care. While the mother is in compliance with her services at this time her history of neglect places this child at prospective risk of harm without court intervention and services.
See Order of Adjudication and Notice of Hr'g, p. 2.
At the time of the mother's plea, I.Z. did not have a legal father. Even though the mother stated that F.Z. is the father of the child, his name was not on the birth certificate, and the mother was not married to him or any other man at the time of the child's conception or birth. The Department stated it would notify the prospective father to give him the opportunity to acknowledge paternity.
When the father later came forth and acknowledged paternity of the child, the trial court vacated the order in which it withheld adjudication and found the child dependent. However, section 39.507(7)(a) provides that while a court maintains jurisdiction over a dependency case, "only one order adjudicating each child in the case dependent shall be entered. This order establishes the legal status of the child for purposes of proceedings under this chapter and may be based on the conduct of one parent, both parents, or a legal custodian".
The language "only one order . . . shall be entered" leads to difficulty where the two parents are brought before the court at different times. The statute does not directly address this type of situation. To vacate the original dependency order withholding adjudication based on the emergence of the father, however, punishes the mother for the father's current incarceration and inability to comply with a case plan. Additionally, the trial court's Withhold of Adjudication Order was not void so as to justify vacating it. We believe, however, that section 39.507(7)(b) does provide a remedy to the situation created in this case.
Section 39.507(7)(b) states that a court must conduct a subsequent evidentiary hearing to determine whether each of the parents abused or neglected the child. However, "[i]f the evidentiary hearing is conducted subsequent to the adjudication of the child, the court shall supplement the adjudicatory order, disposition order, and the case plan, as necessary." Thus, the trial court should have allowed the Withhold of Adjudication Order to stand and then held a subsequent evidentiary hearing to determine the father's status. Section 39.507(7)(b) allows a supplementary decision to be entered, which in this case could have addressed the father's status and have found the child dependent as to the father.
Because the trial court could have maintained the Withhold of Adjudication Order as to the mother and have conducted a supplementary hearing as to the father, pursuant to section 39.507(7)(b), we reverse the trial court's decision with directions to reinstate the Withhold of Adjudication Order and to enter a supplemental order regarding the father.
Reversed and remanded with instructions.

ON MOTION FOR CLARIFICATION
PER CURIAM.
Denied.
RAMIREZ, C.J., and SALTER, J., concur.
ROTHENBERG, J., (dissenting from the denial of the motion for clarification).
The Guardian Ad Litem Program ("GAL") seeks clarification of this Court's *244 opinion issued on October 27, 2010. Because I agree with the GAL that the opinion, as written, is subject to differing interpretations, I would grant the motion and clarify our opinion to leave no room for debate as to our holdings. Because my colleagues have not agreed to do so, I submit the following to clearly state my position regarding the interpretation of section 39.507(7), Florida Statutes (2009).
Section 39.507(7)(a) provides that "only one order adjudicating each child in the case dependent shall be entered. This order establishes the legal status of the child for purposes of proceedings under this chapter and may be based on the conduct of one parent, both parents, or a legal custodian." This language reflects that an order of dependency relates to the status of the child. Thus, because section 39.507(7)(a) provides that "only one order adjudicating each child in the case dependent shall be entered," and the conduct of either parent may result in an adjudication of dependency, when the conduct of either or both parents warrants a finding of dependency with an adjudication, the child's status is designated as an adjudication of dependency. This is so even if the conduct of one parent would not require the child's status to be adjudicated dependent, if the conduct of the other parent warrants such a finding. Thus, the legal status of the child in this case is of an adjudicated dependent child based on the conduct of the father, despite a finding that the conduct of the child's mother would only have required a withholding of an adjudication of dependency.
I recognize that the facts in this case present a conundrum. The child's legal status was determined prior to a finding of the father's paternity. Based on the mother's conduct, the trial court found the child dependent but withheld adjudication. When the father was subsequently located and his conduct required an adjudication of dependency, the trial court was faced with two seemingly conflicting provisions set forth in section 39.507(7)(b): (1) whereas the status of the child may not be retried; (2) the trial court is permitted to make supplemental findings. To harmonize these two provisions, I would interpret the statute to preclude a retrial of the mother's conduct for purposes of the statute, but allow for reconsideration of the child's status based on the later determination of paternity and the conduct of the father.
Also, although the parties have not sought certification to the Florida Supreme Court, I would certify the following as questions of great public importance:
(1) Pursuant to section 39.507, may the trial court make two separate findings regarding the status of a childone adjudicating the child dependent and one withholding an adjudication of dependency?
(2) Where, as here, a parent's whereabouts is unknown, and an order has been entered finding the child dependent but withholding adjudication based on the conduct of the parent who is present, may the trial court in a subsequent proceeding change the child's dependency status to one with an adjudication based on the conduct of the parent who appears after the original order of dependency was issued?