# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2017.

————————

Nos. 3D16-1306 & 3D16-1304
Lower Tribunal Nos. 15-15570 & 14-16099

————————

**S.D., the Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Maria I. Sampedro-Iglesia, Judge.

Herscher & Herscher, P.A. and Ilene Herscher, for appellant.

Karla Perkins, for the Department of Children and Families; Laura J. Lee (Sanford), for the Guardian ad Litem Program, for appellees.

Before SUAREZ, C.J., and LAGOA, J., and SHEPHERD, Senior Judge.

SUAREZ, C.J.

### ON MOTION FOR CLARIFICATION

This cause is before us on Appellees' Motion for Clarification. We grant the

Department of Children and Families and the Guardian ad Litem Program's

motions for clarification, withdraw our previous opinion filed November 30, 2016, and replace it with the following clarifying opinion.

The Father, S.D., appeals from the termination of his parental rights as to Jo.D., J.D. and S.D.  We find no merit in any of the points of error raised on appeal, and affirm.

Prior to the trial, both parties sought the testimony of S.D.'s adult daughter, who lives in Connecticut.[1]  S.D. initially agreed to the adult daughter testifying at the trial telephonically or via Skype but revoked his consent three days prior to the trial.  At a February 2016 pretrial hearing on the matter, the court heard argument from the parties and concluded that S.D. had not shown good cause to revoke his consent so close to trial, that he had waived his right to object to the witness testifying by Skype.  The trial court ruled the testimony had to occur via Skype to protect any confrontation right enjoyed by the father. The adult daughter testified via Skype to S.D.'s sexual abuse of her when she was a child. The trial court found the adult daughter's testimony to be credible and substantial, and concluded DCF proved by competent substantial evidence that S.D. sexually abused the adult daughter when she was a minor. The court found the adult daughter's abuse was evidence the three minor children at issue here would be at substantial risk of significant harm.  The court also found S.D.'s failure to remedy

---

[1] It appears from the record that the subpoena requiring the adult daughter to appear telephonically was originally sent by S.D.'s counsel, to which appearance all parties agreed.

2

the situation by his failure to complete sex offender treatment meant the children could not be safely reunified with him. Further, although the trial court found the minor child D.D.'s testimony to be troubling,[2] the trial court ultimately found that clear and convincing evidence supported terminating S.D.'s parental rights as to Jo.D., J.D., and D.D.[3]

The Father asserts three bases for error: his alleged lack of consent to the adult daughter testifying via electronic means; the lack of a notary to administer the oath to the adult daughter prior to her electronic testimony as required by Florida Rule of Judicial Administration 2.530(d) and Florida Rule of Civil Procedure 1.451; and alleged violation of his confrontation right.

We agree with the trial court that S.D. waived his right to object to the adult daughter's Skype testimony prior to trial. Further, we agree with the Appellees that dependency proceedings are civil in nature, not criminal, and the constitutional right to confront witnesses is not implicated in a civil dependency proceeding. See S.B. v. Dept. of Children & Families, 851 So. 2d 689 (Fla. 2003); A.B. v. Dept. of

---

[2] When asked if the father ever did anything inappropriate, D.D. replied, "When my eyes open, I never seen him do anything to me." D.D. denied the father ever touched her in a bad way. However, when asked if the father ever touched her in a sexual way, she responded, "No. Not with my eyes open for me to see." When asked to clarify, D.D. stated, "Like with me, and like with my eyes open, like when I'm awake, and I've never seen anything. Him putting his hands on me. I can't say no, I can't say yes." The court found there was no reason for D.D. to use those words unless they implied she could not be certain about what the father had done when her eyes were closed.

[3] D.D. is in a group home and wishes to be reunited with her mother. DCF's plan is to reunite all three children with their mother.

<u>Children & Family Servs.</u>, 901 So. 2d 324 (Fla. 3d DCA 2005). The adult daughter's testimony via Skype afforded the Father ample opportunity to cross-examine the witness.

S.D. finally claims fundamental error occurred because there was no notary present in Connecticut to swear in the adult daughter prior to her Skype testimony, and where S.D. did not contemporaneously object to the lack of a notary at the time of the witness's testimony.[4]  Any error was cured, however, when the court granted DCF's motion to reopen the case and subsequently had a notary swear in the adult daughter by telephone from Connecticut.

"In a hearing on a petition for termination of parental rights, the court shall consider the elements required for termination. Each of these elements must be established by clear and convincing evidence before the petition is granted."  <u>See</u> § 39.809(1), Fla. Stat. (2016).  <u>See also</u>  <u>In re Adoption of Baby E.A.W</u>., 658 So. 2d 961, 967 (Fla. 1995) ("To terminate a parent's right in a natural child, the evidence must be clear and convincing."); <u>Kingsley v. Kingsley</u>, 623 So. 2d 780, 787 (Fla. 5th DCA 1993), review denied, 634 So. 2d 625 (Fla. 1994) ("[W]e will uphold the trial court's finding if, upon the pleadings and evidence before the trial court, there is any theory or principle of law which would support the trial court's judgment in favor of terminating ... parental rights.").  Based on the record and the trial court's

---

[4] The clerk of the trial court administered the oath to the adult daughter prior to her Skype testimony.

findings by clear and convincing evidence, we affirm the orders terminating S.D.'s parental rights as to Jo.D., J.D. (3D16-1304) and D.D. (3D16-1306).

Affirmed.